ZIEGEL *v.* GENESEE COUNTY BOARD OF ROAD COM'RS.

1. EMINENT DOMAIN—CONSTITUTIONAL LAW—JUDICIAL REVIEW PROVIDED BY CERTIORARI.

Act No. 92, Pub. Acts 1927, amending Act No. 352, Pub. Acts 1925, relating to the taking of private property for public highway purposes, affords landowners a right of judicial review, as required by section 1, Art. 13, of the Constitution, in providing for review by certiorari.

[1]Certiorari, 11 C. J. § 10; Eminent Domain, 20 C. J. § 313.

2. Same—Laying Out Highways a Governmental Power Which Need Not be Exercised in Accord With Common Law—Review.

The laying out and improvement of public highways is a power of government exercised by the legislature direct or through highway officers acting under statutory power and mapped procedure which need not be in accord with the common law, and review in a court may be limited to an examination of the regularity of the proceedings and due exercise of statutory powers.

3. Same—Proceedings by Highway Officers in Condemning Land For Public Use Are Judicial in Nature—Review by Certiorari Proper.

While highway officers, in the main, act in an administrative capacity, yet, when they exercise statutory powers in taking private property for public use and in determining the necessity therefor and the compensation to be made, their proceedings are of a judicial nature, and regularity thereof may be reviewed by authorized certiorari.

4. Same—Review by Certiorari Adequate.

Review by certiorari has been employed in many instances to test power exercised, procedure employed, and determinations of tribunals, boards, and officials, and, while review by the writ is narrow, it is deemed adequate in instances where there need be no new trial or hearing *de novo*.

5. Same—Constitutional Law—Due Process.

Act No. 92, Pub. Acts 1927, amending Act No. 352, Pub. Acts 1925, relating to the taking of private property for public highway purposes, does not violate the due process provisions of the 14th Amendment to the Federal Constitution; provision being made for notice to the landowners, an opportunity to be heard, and right of review by certiorari.

6. Same—Interested Party—Board of County Road Commissioners.

The objection that the board of county road commissioners, by virtue of official interest, ought not to pass upon the rights of landowners, as provided for in said statute, is without merit, since the common-law rule that a judge

---

[2]Constitutional Law, 12 C. J. § 317; Eminent Domain, 20 C. J. § 313; Highways, 29 C. J. §§ 31 (Anno), 39, 49; [3]Id., 29 C. J. § 183; [4]Eminent Domain, 20 C. J. § 313; Highways, 29 C. J. § 183; [5]Eminent Domain, 20 C. J. § 3; [6]Highways, 29 C. J. § 89.

cannot sit in a cause in which he is interested does not apply to commissioners of highways.

Appeal from Genesee; Brennan (Fred W.), J. Submitted October 11, 1927. (Docket No. 84.) Decided December 1, 1927.

Bill by Albert Ziegel and others against the board of county road commissioners of Genesee county to enjoin the construction of a highway. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Harry G. Gault* and *Hugh N. Parker*, for plaintiffs.

*William W. Potter*, Attorney General, *Lincoln E. Bradt*, Assistant Attorney General, and *William R. Roberts*, Prosecuting Attorney, for defendant.

WIEST, J. In improving, laying out and constructing county road No. 46 in Flint township, Genesee county, defendant board determined it necessary to take certain of plaintiffs' lands and fixed the compensation, all in strict accord with the provisions of Act No. 352, Pub. Acts 1925, as amended by Act No. 92, Pub. Acts 1927. Plaintiffs had right of review by certiorari, but instead filed the bill herein to enjoin the defendants on the ground that the statutes mentioned are unconstitutional in limiting review to certiorari and not affording *judicial review* upon the questions of necessity for taking their lands and the compensation to be awarded. Plaintiffs appealed from a decree dismissing the bill.

In *Hendershott* v. *Rogers*, 237 Mich. 338, we held that, in the exercise of eminent domain, the question of necessity is a judicial one, upon which the landowner has a right to be heard, and pointed out the fact that the act of 1925 failed to afford opportunity to a landowner to be heard and have judicial review. Thereupon the legislature, by the act of 1927, afforded

an opportunity to the landowner to be heard before the board and have review by certiorari.

The sole question is whether the act of 1927 affords plaintiffs right of judicial review. We think it does. The laying out and improvement of public highways is a power of government, exercised by the legislature, direct or through highway officers acting under statutory power and mapped procedure. The procedure need not be in accord with the common law, and review in a court may be limited to an examination of the regularity of the proceedings and due exercise of statutory powers. While highway officers, in the main, act in an administrative capacity, yet, when they exercise statutory powers in taking private property for the public use and in determining the necessity for doing so and the compensation to be made, their proceedings are of a judicial nature and regularity thereof may be reviewed by authorized certiorari.

"While some things in the laying out and opening of public roads may be considered as legislative or administrative, still all action affecting the property rights of private persons is clearly judicial, and subject to review." 5 R. C. L. p. 259.

"Within the rule that certiorari lies only to review judicial acts, the proceedings of highway officers in opening or vacating public roads, under statute authority, are judicial proceedings." 29 C. J. p. 489.

Does certiorari afford a judicial review?

"A certiorari proceeding is a judicial proceeding in the technical sense, as distinguished from a *quasi* judicial one." 11 C. J. p. 90.

Review by certiorari has been employed in many instances to test power exercised, procedure employed, and determinations of tribunals, boards, and officials, and, while review by the writ is narrow, it is deemed adequate in instances where there need be no new trial or hearing *de novo*.

In 5 R. C. L. p. 261, it is stated:

"Indeed, in many instances the final adjudications of persons invested with power to decide on the property or rights of the citizen, and who act in a summary manner, or in a new course, different from the common law, are reviewed upon certiorari.    Especially is this true  *  *  *  in the proceedings of commissioners laying out highways, and awarding damages for property taken for public use."

Plaintiffs invoke the due process provisions of the Federal Constitution.

In *Bragg* v. *Weaver*, 251 U. S. 57 (40 Sup. Ct. 62), it was stated:

"Where the intended use is public, the necessity and expediency of the taking may be determined by such agency and in such mode as the State may designate. They are legislative questions, no matter who may be charged with their decision, and a hearing thereon is not essential to due process in the sense of the Fourteenth Amendment.  *  *  *

"But it is essential to due process that the mode of determining the compensation be such as to afford the owner an opportunity to be heard."

See, also, *North Laramie Land Co.* v. *Hoffman,* 268 U. S. 276 (45 Sup. Ct. 491).

Clearly the amendment invoked is of no aid to plaintiffs.    In the *Hendershott Case* we pointed out the need of notice and the right of opportunity to be heard upon the question of necessity under the provisions of our Constitution.    The Constitution of this State calls for a hearing, and plaintiffs were heard and they are deprived of no constitutional right in not being given a hearing *de novo* in a court.    The legislature could have provided for a court hearing, but there is no constitutional provision requiring that such be given.

In the brief for plaintiffs it is said:

"If the landowner will not sell, he is then given a hearing before the board, which had already de-

termined the necessity for taking the particular property."

As we understand the argument, the thought is that the board, by virtue of official interest, ought not to pass upon the rights of the landowners. We think the point answered in 29 C. J. p. 430:

"The common-law rule that a judge cannot sit in a cause in which he is interested does not apply to commissioners of highways."

We think the act of 1927 corrects the defects in the act of 1925 and that plaintiffs, if aggrieved by the action of the defendant board, should have availed themselves of the remedy of review by certiorari.

The decree in the circuit is affirmed, with costs to defendant.

SHARPE, C. J., and BIRD, FELLOWS, CLARK, and McDONALD, JJ., concurred. FLANNIGAN, J., did not sit.

The late Justice SNOW took no part in this decision.