### NEW PRODUCTS CORPORATION *v.* STATE HIGHWAY COMMISSIONER.

1. Eminent Domain—Necessity Hearings as to Highways and Streets—State Administrative Agency Procedure Act.

   Necessity hearings by county road commissions and the State highway commissioner are to be conducted pursuant to provisions of the statutes enacted previous to the State administrative agency procedure act, since that act was not intended to apply to such hearings and specifically excluded them from the application of that act, such hearings being of a preliminary nature, in the nature of an inquest, and not involving the adjudication of a contested case (CL 1948, § 213.171 *et seq.*; CLS 1956, § 24.101 *et seq.*).

2. Highways and Streets—Municipalities—Nature of Improvement—Discretion of State Highway Commissioner.

   Once it has been determined that a State trunk-line highway should be constructed over a certain route within a city and consent for such use obtained, the character of the improvement, that is, whether it be a limited access highway or otherwise, rests in the discretion of the State highway commissioner (CL 1948, § 213.171).

3. Same—State Trunk Line—Amount of Land Taken—Consent of Municipality—Discretion of State Highway Commissioner.

   The quantity of land to be taken in connection with the reloca-

---

REFERENCES FOR POINTS IN HEADNOTES

[2] 25 Am Jur, Highways § 67.
[3] 18 Am Jur, Eminent Domain § 109.
[5] 18 Am Jur, Eminent Domain § 307 *et seq.*
[6] 18 Am Jur, Eminent Domain § 376.
[7] 18 Am Jur, Eminent Domain § 373.
[9, 10] 18 Am Jur, Eminent Domain §§ 79, 110.
Right to condemn property in excess of needs for public purpose. 14 ALR 1350, 68 ALR 837.
[11] 18 Am Jur, Eminent Domain § 341.
[12] 18 Am Jur, Eminent Domain § 334.

tion of a State trunk-line highway within a city whose consent for relocation route has been obtained is largely within the control of the State highway commissioner and will not be interfered with except in the case of abuse (CL 1948, § 213.171).

4. SAME—RELOCATION OF STATE TRUNK LINE WITHIN CITY—APPROVAL BY CITY—LIMITED ACCESS—QUANTITY OF LAND TAKEN.

A resolution of a city commission approving a State highway commissioner's relocation of a section of a State trunk-line highway within the city was not invalid because subsequent to obtaining such approval the commissioner determined to make such highway a limited access thoroughfare which affected the quantity of land taken (CL 1948, § 213.171).

5. SAME — NECESSITY HEARINGS — WITNESSES — STATUTES — DUE PROCESS.

Due process of law was not denied landowner whose land was taken for State trunk-line highway purposes by reason of the fact that statute providing for necessity hearings for State trunk-line highways did not authorize the issuance of process for witnesses and the State highway commissioner, the deputy commissioner and chief engineer of the State highway department together with records, plans, contracts, agreements, correspondence, drawings and other official documents pertaining to project which included the taking of plaintiff's land were not produced as he had requested, the absence of such requirement in the statute as to witnesses not rendering it unconstitutional (CL 1948, § 213.171).

6. SAME—JUDICIAL REVIEW OF HIGHWAY OFFICERS' ACTION—STATUTES.

The laying out and improvement of public highways is a power of government, exercised by the legislature, direct or through highway officers acting under statutory power and mapped procedure, and while the procedure need not be in accord with the common law, review in a court may be limited to an examination of the regularity of the proceedings and due exercise of statutory powers.

7. SAME—OFFICERS—CONDEMNATION PROCEEDINGS—CERTIORARI.

Highway officers, in the main, act in an administrative capacity, but when they exercise statutory powers in taking private property for the public use and in determining the necessity for doing so and the compensation to be made, their proceedings are of a judicial nature and the regularity thereof may be reviewed by authorized certiorari (CL 1948, § 213.171).

8. Same—Determination of Necessity—Judicial Review—Constitutional Law.

> A party who invokes the portion of a statute providing for judicial review of the determination of necessity by highway officers is not in a position to assert the unconstitutionality of the act for lack of due process (CL 1948, § 213.171).

9. Same—Condemnation Proceedings—Excess Land—Discretion of Officers—Courts.

> Highway officers are authorized to condemn land in excess of the amount needed for right-of-way proper, if the public interest will be best served by such taking and the discretion so vested will not be interfered with by a court in the absence of a clear abuse of such discretion (CL 1948, § 213.171 *et seq.*; § 252.54).

10. Same—Condemnation Proceedings—Excess Land—Limited Access Highway—Discretion of Officers.

> The taking of more land than was necessary for the right-of-way for a State trunk-line highway in order to make it a limited access highway *held*, under record presented, not an abuse of discretion on the part of the State highway commissioner (CL 1948, § 213.171 *et seq.*; § 252.54).

11. Same—Condemnation Proceedings—Disqualification.

> A claim of disqualification on part of State highway commissioner and his deputy to participate in the hearing in the condemnation of land for right-of-way for relocation of a State trunk-line highway was not made out, where there was no showing of a personal interest in the matter other than that of a public official desirous of faithfully discharging the duties of his office (CL 1948, § 213.171 *et seq.*).

12. Same—Determination of Necessity—Evidence.

> Determination that relocation of a section of a State trunk-line highway, that was also a part of an interstate US highway, was necessary, as made by the commissioner, appointed for making such determination, *held*, supported by competent evidence which included research by the district engineer as well as others and a showing as to present needs and probable future requirements (CL 1948, § 213.171 *et seq.*).

Appeal from Berrien; Hadsell (Philip A.), J. Submitted January 17, 1958. (Docket No. 41, Calendar No. 47,475.) Decided March 7, 1958.

Certiorari by New Products Corporation, a Michigan corporation, against Charles M. Ziegler, Michigan State Highway Commissioner, to review determination of necessity in condemnation proceedings, challenging legality thereof. Order entered affirming determination and quashing writ. Plaintiff appeals. Affirmed.

*J. D. Hartwig* and *J. T. Hammond,* for plaintiff.

*Thomas M. Kavanagh,* Attorney General, *Joseph A. Sullivan,* Deputy Attorney General, *Samuel J. Torina,* Solicitor General, *Samuel D. Frane,* Assistant Attorney General, for defendant.

CARR, J. This case has resulted from proceedings by the State highway commissioner in a project involving trunk-line highways US–31 and US–12, in Berrien county. As part of certain changes contemplated, the relocation of US–12 through the city of Benton Harbor was considered desirable. The plans for the project were intended to be carried out in accordance with the provisions of PA 1925, No 352, as amended.* As required by section 1 of said act, as amended (CL 1948, § 213.171 [Stat Ann 1957 Cum Supp § 8.171]), the approval of the city commission of Benton Harbor was given by resolution adopted June 8, 1953, which resolution indicated the route of the relocated highway and also provided for the abandonment of a section of trunk-line US–12 as it existed at the time. Further reference to this resolution will be hereinafter made in connection with certain questions raised by appellant.

Under date of April 13, 1955, the State highway commissioner, hereinafter referred to as the commissioner, issued notice of hearing "on the neces-

* CL 1948, § 213.171 *et seq.* (Stat Ann and Stat Ann 1957 Cum Supp § 8.171 *et seq.*).

sity of the proposed construction and improvement, and on the taking of these particular interests in land therefor." Attached to said notice was a statement containing the description of certain parcels of land owned by New Products Corporation, appellant herein. Reference was made in the notice to plans for the contemplated project, referred to in the record as No. 11–56(U), on file in the office of the commissioner. It was also recited that efforts to purchase the said interests in lands described in the statement had been unsuccessful, and that the hearing required by section 4* of the act of 1925, above cited, would be held before a deputized representative of the commissioner on Monday, May 2, 1955, at the courthouse in the city of St. Joseph.

The notice of hearing was duly served, and in accordance therewith the commissioner designated Edward J. Kremer to act as his representative, and to conduct the hearing on the question of necessity and of the taking of the lands described. Said hearing was held June 7, 1955. The commissioner on January 3, 1956, entered an order reciting the holding of the hearing, and determining that the improvement was necessary, that the taking of the lands referred to in the statement attached to the notice of hearing was likewise necessary, and that the amount of damages to be paid, as estimated by him, was $37,500.

Following the order of determination, New Products Corporation made application to the circuit court of Berrien county for a writ of certiorari to review the proceeding taken, with particular reference to the conduct of the hearing on necessity. The writ was duly issued, and the motion of the commissioner to dismiss it was denied.. Thereafter the matter came on for hearing on the pleadings and the

---

* CL 1948, § 213.174 (Stat Ann 1957 Cum Supp § 8.174).

arguments of counsel. On November 26, 1956, an order was entered affirming the determination of necessity, and granting the motion to quash the writ of certiorari. On leave granted the New Products Corporation has appealed to this Court, claiming that the circuit judge erred in certain conclusions of law set forth in his opinion, and that the order entered should be reversed. On behalf of the commissioner it is contended that all constitutional and statutory requirements were observed in the proceeding, and that the action of the trial court should be affirmed.

In support of its claim that necessary requirements with reference to due process of law were not observed in the holding and conducting of the hearing on necessity, appellant insists that PA 1952, No 197, as amended (CLS 1956, § 24.101 *et seq.* [Stat Ann 1952 Rev and Stat Ann 1957 Cum Supp § 3.560 (21.1)]), prescribing requirements as to administrative procedure before State agencies, was applicable to the hearing on necessity, but was not followed. It is conceded that said hearing was conducted with reference to the expressed requirements of PA 1925, No 352, as amended, above cited. It is appellee's claim that said Act No 197 does not apply, and that the circuit judge was correct in so holding.

The first section of the act of 1952, as amended by PA 1953, No 103, reads as follows:

"For the purposes of this act:

"(1) 'Agency' means any State board, commission, department, bureau or officer, authorized by law to make rules or to adjudicate contested cases, except the workmen's compensation commission, the employment security commission, the department of revenue, the public service commission and those in the legislative and judicial branches.

"(2) 'Rule' includes every regulation, standard, or statement of policy or interpretation of general

application and future effect, including the amendment or repeal thereof, adopted by an agency, whether with or without prior hearing, to implement or make specific the law enforced or administered by it or to govern its organization or procedure, but does not include regulations concerning only the internal management of the agency and not directly affecting the rights of or procedures available to the public, nor such rules and regulations of the State department of health as may be necessary during emergencies, floods, epidemics, invasion or other disasters; nor emergency rules, regulations and orders issued under section 16 of Act No 61 of the Public Acts of 1939, as amended, being section 319.16 of the Compiled Laws of 1948; nor emergency rules, regulations and orders issued under section 22 of Act No 326 of the Public Acts of 1937, as amended, being section 319.72 of the Compiled Laws of 1948; nor to the necessity hearings by county road commissions and the State highway commissioner which are required by Act No 352 of the Public Acts of 1925, as amended, being sections 213.171 to 213.199, inclusive, of the Compiled Laws of 1948.

"(3) 'Contested case' means a proceeding before an agency in which the legal rights, duties or privileges of a specific party or specific parties are required by law or constitutional right to be determined after an opportunity for an agency hearing." (CLS 1956, § 24.101 [Stat Ann 1957 Cum Supp § 3.560[21.1].)

Section 2 of said act further provides that, in addition to other requirements imposed by law with reference to rules, each agency subject to the provisions of the act shall adopt rules governing the procedures prescribed or authorized thereby. Such provision is significant in view of the obvious purpose of the administrative agency procedure act as set forth in the title and in the language of the legislature in the enactment of the requirements imposed, and also in view of the final clause of section 1, sub-

section (2), which was added by the amendment of 1953, above cited. It is clear that the legislature in adding the provision with reference to necessity hearings by county road commissions and the State highway commissioner intended that as to such hearings the adoption of procedural rules applicable thereto should not be required. The specific reference to PA 1925, No 352, suggests that it was the purpose of the legislature to leave necessity hearings to be governed by the provisions of the earlier act.

On behalf of appellee it is argued that a so-called necessity hearing does not involve the adjudication of a contested case, and that it is, as a practical proposition, in the nature of an inquest as the basis for a determination of the matters at issue, that is, the making of the improvement and the taking of specific property therefor. It is preliminary to the subsequent proceedings contemplated by the act of 1925, as amended. It is a fair inference that such was the view of the legislature in providing that rules of procedure as prescribed for administrative agencies subject to the act of 1952 were not required to be adopted for use on necessity hearings conducted under the statute pertaining to construction and improvement of highways. Such conclusion is in accord with the general purpose and spirit of the administrative agency procedure act.

The statute makes provision for review of decisions generally. Obviously, however, a determination of want of necessity could scarcely, for practical reasons, have been intended to be subject to such review. Further discussion of this phase of the case is not required. The legislative intent and purpose clearly appear, and the courts must be governed accordingly. The trial court determined the issue in favor of appellee, and we are in accord with that conclusion.

The resolution of the city commission of Benton Harbor, above mentioned, was as follows, insofar as material:

"Whereas, the State highway commissioner of the State of Michigan has requested approval by the city of Benton Harbor, of the changes by him, of that part of State trunk-line highway US–12, US–31 (shown on the attached sketch map), bearing State highway department approval and dated May 19, 1953, lying wholly within the corporate limits of the said city:

"Now therefore, be it resolved:

"(1) That the approval and consent of the city of Benton Harbor be and is hereby given for the establishment as State trunk-line highway, the location described as follows:

"Commencing on the east limits of the city of Benton Harbor at a point near the intersection of Fair and Waukonda avenues; thence westerly in the city of Benton Harbor on or near Waukonda avenue to Paw Paw avenue; thence continuing westerly across the C. & O. Railroad and westerly on or near Klock road to connect with the proposed new route of US–31.   (+1.6 miles approx.)

"(2) That the approval and consent of the city of Benton Harbor be and is hereby given to the abandonment of the State trunk-line highway described as follows:

"Commencing on Main street at the west limits of the city of Benton Harbor thence northeasterly and east on Main street in the city of Benton Harbor to the intersection of Main street and Fair avenue, the east city limits.   (–1.8 miles.)"

The sketch map referred to in the resolution clearly indicates the proposed change in the location of trunk-line US–12.   It is contended on behalf of appellant that the resolution was defective in that it failed to set forth by metes and bounds the property that would, or might, be taken in carrying out the

relocation. It is also argued that following the adoption of the resolution the commissioner was without authority to improve the section of the trunk-line in question as a limited access highway. However, under the law pertaining to trunk-lines, the character of the improvement rested in the determination of the commissioner. We are concerned in this case with the extent of the authority of that official rather than with the administrative propriety of the exercise of powers conferred by statute. The trial judge determined on the basis of the proofs before him that the plan to improve the trunk-line as a limited access highway was formulated after the city had adopted the resolution above quoted. By said action the municipality gave its consent to a relocation of a certain section of trunk-line US–12. Appellant here is scarcely in position to contend that the city was not bound by the action taken, which, as before noted, was expressly authorized by the statute.

It may be noted also that the city commission's resolution dealt merely with the relocation of the trunk line. It was not adopted for the purpose of affecting property interests that might be required to be taken in connection with the improvement of the relocated highways. The quantity of land to be taken in connection with the improvement rested in the reasonable discretion of the condemning authority, that is, the commissioner. In *In re Huron-Clinton Metropolitan Authority*, 306 Mich 373, 385, 386, the Court quoted with approval from 4 McQuillin, Municipal Corporations (2d ed), p 363, § 1586, as follows:

" 'The condemnor is allowed a large discretion in determining the quantity necessary and the exercise of this discretion will not be interfered with except in the case of abuse.' "

A number of prior decisions of this Court were cited in connection with the statement quoted. The city's approval of the change in highway US–12 had reference to the trunk-line route, and it may be assumed that it was taken with knowledge as to the statutory powers of the commissioner in improving the relocated road. It was not essential to the validity of such resolution that it should undertake to specify by metes and bounds the property that might be taken for that purpose. The situation is that the city merely gave its consent to the change in the trunk-line. As a result, there was imposed on the commissioner the obligations prescribed by law with reference to the construction and improvement of the relocated section.

Analagous questions have been before this Court in other cases. In *City of Dearborn* v. *Michigan Turnpike Authority,* 344 Mich 37, it was held that:

"A turnpike authority must obtain the consent of a city or village before changing, widening or altering any established streets or highways within the municipality other than streets or highways not controlled by the municipality, such as trunk-line highways (Const 1908, art 8, §§ 27, 28; CL 1948, § 213.171 [i]; PA 1953, No 176, §§ 4, 5, 7)." Syllabus 10.

See, also, *Allen* v. *State Highway Commissioner,* 338 Mich 407. The resolution of the city commission, to which attention has been called, is not open to the objections urged against it by appellant. It involved the exercise of a statutory power and the legal incidents of the statute follow accordingly.

On the hearing before Deputy Kremer counsel for appellant requested that subpoenas be issued for the commissioner, the deputy commissioner, and the chief engineer of the State highway department. Whether said parties were requested to attend in order that they might be cross-examined does not

appear. In any event, their testimony was not taken, and on behalf of appellant it is insisted that it was, in effect, denied due process of law because the officials named did not appear with records, plans, contracts, agreements, correspondence, drawings, and any other official documents pertaining to project No. 11–56(U). No claim is made that the statute under which the hearing on necessity was held provides for the issuance of process to witnesses. The failure of the statute to make such provision does not render it unconstitutional. *Yeung How* v. *North,* 223 US 705 (32 S Ct 517, 56 L ed 621); *Low Wah Suey* v. *Backus, Commissioner of Immigration,* 225 US 460 (32 S Ct 734, 56 L ed 1165).

In *Ziegel* v. *Genesee County Board of Road Com'rs,* 241 Mich 161, the constitutionality of PA 1925, No 352, as amended by PA 1927, No 92, was questioned in an equity suit wherein the plaintiff sought injunctive relief. Specifically it was urged that the statute did not afford judicial review upon the question of necessity for taking the lands of the plaintiffs. This Court held, however, that the remedy by way of certiorari was adequate. In passing on the issue, it was said (p 164):

"The sole question is whether the act of 1927 affords plaintiffs right of judicial review. We think it does. The laying out and improvement of public highways is a power of government, exercised by the legislature, direct or through highway officers acting under statutory power and mapped procedure. The procedure need not be in accord with the common law, and review in a court may be limited to an examination of the regularity of the proceedings and due exercise of statutory powers. While highway officers, in the main, act in an administrative capacity, yet, when they exercise statutory powers in taking private property for the public use and in determining the necessity for doing so and

the compensation to be made, their proceedings are of a judicial nature and regularity thereof may be reviewed by authorized certiorari."

The foregoing decision was cited in *Fitzsimons & Galvin, Inc., v. Rogers,* 243 Mich 649, 657, where it was said:

"Under the provision of our State Constitution (art 13, § 1) both the question of the necessity for taking private property and the compensation to be awarded therefor when controverted must be settled by a judicial determination. *Hendershott v. Rogers,* 237 Mich 338. But it has been determined recently in this State that the statutory hearing before the State highway commissioner together with the provision for a review of such hearing upon certiorari to a proper court affords the property owner an opportunity to have a judicial determination of his rights in compliance with the constitutional requirement. *Ziegel v. Genesee County Board of Road Com'rs,* 241 Mich 161. PA 1927, No 92, therefore cannot be held to be unconstitutional on the theory or claim that it does not provide for a judicial determination of the question of necessity."

It may be noted that appellant has invoked the provisions of the act of 1925 providing for review of the determination of necessity. In consequence it is scarcely in position to assert the unconstitutionality of said act,* and in fact has not in terms done so. However, the arguments advanced imply that the claims made are based on the theory that the statute fails to afford due process of law. In this respect the prior decisions of the Court, above cited, are significant, and may be regarded as disposing of objections based on the ground indicated.

Objection is also made that the statement attached to the notice of hearing on the question of necessity disclosed an intention to take more land than neces-

---

* 11 Am Jur, Constitutional Law, pp 766, 767.

sary for the contemplated improvement. In PA 1941, No 205, relating to the establishing and maintenance of limited access highways, the legislature in section 4 thereof (CL 1948, § 252.54 [Stat Ann 1957 Cum Supp § 9.1094(4)]) expressly recognized and declared the right to take private property by condemning agencies in excess of the amount of land needed for right-of-way proper, if the public interest will be best served by such taking. Such declaration is, undoubtedly, in accord with sound principles of public policy, and also consistent with the holding of this Court in *In re Huron-Clinton Metropolitan Authority, supra,* with reference to the discretion of the condemning authority. There may properly be no interference by a court with the administrative functions of any public authority, invested by law with the power to condemn property for public purposes, in the absence of a clear abuse of discretion. The record before us does not justify a conclusion that there was such abuse in the case at bar.

Appellant further claims that the commissioner, and likewise his deputy, was disqualified from conducting the hearing on necessity under the act of 1925, as amended, on the ground that by previous conduct he had committed himself to the particular project in question. Some emphasis is placed on the fact that under section 4a of the statute, as added by PA 1931, No 216 (CL 1948, § 213.174a [Stat Ann 1957 Cum Supp § 8.175] ), the matter may be referred to a circuit court commissioner of the county in case of disqualification on the part of the commissioner, or of members of the board of county road commissioners. The statute does not specify what matters may be considered grounds for disqualification. In *Fitzsimons & Galvin, Inc., v. Rogers, supra,* a similar question was raised, the claim being advanced that the State highway commissioner had disqualified himself from acting on the question of

necessity by securing rights-of-way, over certain parts of the land, by purchase. In rejecting the claim made, it was said (p 658):

"So far as is disclosed by this record, the commissioner's only interest in securing this right-of-way is that of a public official desirous of faithfully discharging the duties of his office. This is not such a personal interest as disqualifies one from acting in a judicial capacity."

In the case at bar it does not appear that the commissioner, or his deputy, had any personal interest whatsoever in the project with reference to the relocation and improvement of trunk-line US–12. The prior action taken by the commissioner, to which attention is directed, was concerned with the performance of his official duties, and was not evidence of any "personal interest" on his part. The claim of disqualification is not tenable.

As a final argument on behalf of appellant it is insisted that there was no competent evidence on which to base the finding of necessity for the improvement and for the taking of the property described in the statement attached to the notice of hearing. That trunk-line US–12 is an important interstate thoroughfare is not questioned. It extends from the city of Detroit through Billings, Montana, and to the Wyoming-Montana line. That it should be improved to meet the necessities of increased traffic to the end that it may be of adequate service to the public generally is not open to question. The principle that public authorities charged with the laying out and maintenance of highways may act with reference to probable future requirements has been repeatedly recognized.

In the instant case the district engineer of the State highway department having supervision over State trunk-line highways in Berrien county, as well

as in other counties of his district, testified as to his information concerning the project, involving the results of research by others as well as by himself. The trial judge concluded, after considering the proofs, that there was a proper basis for the determination of necessity as made by the commissioner. From our examination of the record before us we think the conclusion was a proper one, and we are in accord therewith.

The order of the circuit court of Berrien county upholding the determination of necessity as made by the commissioner is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.