NELSON DRAINAGE DISTRICT v FILIPPIS

Docket No. 100365. Submitted November 9, 1988, at Detroit. Decided
     January 18, 1989.

> The Nelson Drainage District sought to alleviate a flooding prob-
> lem by making improvements to the Gibson Drain, a portion of
> which runs along the northern boundary of property owned by
> Anthony J. and Mary C. Filippis. That property consists of 4.32
> acres of land on which a five bedroom brick home was built.
> Originally the drainage district intended to build an enclosed
> box drain which would not have involved taking the house;
> however, when the Filippises refused to voluntarily give up the
> necessary easement, the drainage district determined that it
> would be less expensive to acquire the entire parcel, build an
> open drain, relocate the house and sell the entire parcel subject
> to the new drain easement to a third party. The drainage
> district brought a condemnation action in Oakland Circuit
> Court. The Filippises filed a motion to review the necessity of
> the taking, alleging that the drainage district's decision to
> condemn the entire parcel was fraudulent, an error of law and
> an abuse of discretion. Following a hearing, at which deposition
> testimony was present, the trial court, Fred M. Mester, J.,
> concluded that the taking of the entire parcel was not neces-
> sary for the improvement of the drain and dismissed the
> condemnation complaint. Plaintiff appealed.
>
>      The Court of Appeals *held:*
>
>      1. A drainage district may seek by eminent domain only such
> land as is necessary for the location, establishment, construc-
> tion, improvement or relief of a drain. A drainage district may
> not use its power to condemn to secure additional land where
> the only public benefit in securing the additional land would be
> a reduction in the overall cost of a project.
>
>      2. It was not error for the trial court on the evidence
> presented to conclude that a need for a total taking had not

REFERENCES

Am Jur 2d, Drains and Drainage Districts § 34; Eminent Domain
     §§ 44, 111 *et seq.*, 468 *et seq.*
See the Index to Annotations under Drains and Drainage; Eminent
     Domain.

been shown and that plaintiff's proposed taking was therefore an abuse of discretion.

3. The trial court did not impermissibly shift the burden of persuasion.

Affirmed.

1. EMINENT DOMAIN — UNIFORM CONDEMNATION PROCEDURES ACT — NECESSITY — APPEAL.

A circuit court, when ruling on a motion to review the necessity of a governmental agency's acquisition of property pursuant to the Uniform Condemnation Procedures Act, is bound by the agency's determination of necessity in the absence of a showing of fraud, error of law, or abuse of discretion (MCL 213.56[2]; MSA 8.265[6][2]).

2. EMINENT DOMAIN — DRAINAGE DISTRICTS — NECESSITY — ECONOMIC BENEFIT.

A drainage district may acquire by condemnation only such land as necessary for the location, establishment, construction, improvement or relief of a drain; a drainage district may not acquire by condemnation more land than is actually required for the location, establishment, construction, improvement or relief of the drain even if the acquisition of additional land would ultimately provide a benefit to the public by lowering the overall cost of the project.

*Dickinson, Wright, Moon, Van Dusen & Freeman* (by *Jon R. Steiger*), for plaintiff.

*Mason, Steinhardt & Jacobs, P.C.* (by *Walter B. Mason, Jr.,* and *Paul Owen Ashba*), for defendants.

Before: CYNAR, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. This is a condemnation action. Plaintiff appeals as of right from the trial court's order dismissing plaintiff's complaint which sought to acquire defendants' property as part of a drain improvement project in the City of Troy. Defendant National Bank of Detroit was dismissed by stipulation below and is not a party on appeal.

While plaintiff sets forth six issues, this appeal can be resolved by considering two questions: 1) Did the trial court err in finding that the plaintiff

abused its discretion by determining that a total taking of defendants' property was necessary? 2) Did the trial court erroneously shift the burden of proof to plaintiff to establish the necessity for the taking? We find no error and affirm the decision of the trial court.

Plaintiff, Nelson Drainage District, apparently was established to deal with a flooding problem in the City of Troy. The hope was that the problem could be alleviated by improving the Gibson Drain, a portion of which runs along the nothern boundary of defendants' property. Defendants own 4.32 acres on which their five bedroom brick home was built.

Plaintiff first approached defendants in the summer of 1985, requesting a permanent easement along the nothern boundary for the construction of an enclosed box drain. Defendants refused to voluntarily give the easement. While defendants' home is close to the northern boundary, that easement would not have required a taking of their house. Plaintiff indicates that both the City of Troy and the drain commissioner were aware at that time that the closed drain would be more expensive, but that they had not focused on the actual money differential. However, the deposition testimony of a civil engineer who worked on the project indicates that the cost of constructing the box drain, $190,000, was estimated for the city for the first time in that summer of 1985.

In early 1986, plaintiff considered its alternatives, including the necessity of condemnation proceedings. Plaintiff claims that it was during this period that the actual cost differential between utilizing an open or closed drain was determined. Sometime in the summer of 1986 a change from an enclosed buried pipe to an open ditch was

proposed. Under this revised plan, the outer limits of the drainage channel would run through defendants' house. As a result, a new proposal was developed to acquire defendants' entire lot, relocate the existing house, retain a permanent easement for the open ditch, and resell the entire property to a third party. Under this plan, a net savings of $100,000 was anticipated.

In July, 1986, the condemnation proceeding was initiated by plaintiff pursuant to the Uniform Condemnation Procedures Act, MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.* Pursuant to MCL 213.56; MSA 8.265(6), defendants filed a motion to review the necessity of the taking, alleging that plaintiff's decision to condemn defendants' entire parcel of real property was fraudulent, an error of law, and an abuse of discretion.

Following a hearing, which included the presentation of deposition testimony to the court, the trial court concluded in March, 1987, that plaintiff had abused its discretion by determining that a total taking of defendants' property was necessary for the improvement of the drain and dismissed plaintiff's complaint.

We will not reverse the findings and conclusions of the trial court in a condemnation case unless they are clearly erroneous. *Livingston Co Road Comm'rs v Herbst,* 38 Mich App 150, 154; 195 NW2d 894 (1972); *Muskegon v Irwin,* 31 Mich App 263, 270; 187 NW2d 481 (1971).

Under the Michigan Uniform Condemnation Procedures Act, a landowner may challenge the necessity of the condemning authority's acquisition of property by filing a motion in the circuit court. MCL 213.56; MSA 8.265(6). By statute, the agency's "determination of public necessity" is binding on the court and its review is limited to "a showing of fraud, error of law, or abuse of discretion."

MCL 213.56(2); MSA 8.265(6)(2); *Kent Co Road Comm v Hunting,* 170 Mich App 222, 229-230; 428 NW2d 353 (1988). In general, this limited review means that the agency's determination as to the necessity of the project is not reviewed. *State Highway Comm v Vanderkloot,* 392 Mich 159, 175-176; 220 NW2d 416 (1974). However, the court may review the necessity of acquiring "some or all of the property involved" by considering whether the land in question is reasonably suitable and necessary for the contemplated project and whether the agency needs to take this particular property. *Id.,* pp 175-177.

While "necessity" has not been defined, the courts have considered the facts of each case and what authority has been granted under the applicable condemnation statute in reviewing for "necessity." *Id.,* p 170; *New Products Corp v State Highway Comm'r,* 352 Mich 73; 88 NW2d 528 (1958). Similarly, in reviewing for "abuse of discretion" in the condemnation context the courts have looked to the facts of the case and the extent of the agency's statutory authority. See, e.g., *Vanderkloot, supra,* pp 176-177; *New Products, supra,* p 82; *In re Huron-Clinton Metropolitan Authority's Petition as to Belleville Lake Park Project,* 306 Mich 373, 385; 10 NW2d 920 (1943). In general, in reviewing an agency's decision for abuse of discretion, the court considers whether the decision is violative of fact and logic. *Marrs v Bd of Medicine,* 422 Mich 688, 694; 375 NW2d 321 (1985).

The flexibility of the condemnation review standards recognizes the deference paid to the agency's statutory authority and the uniqueness of each factual situation. In applying these standards, however, the court must also be sensitive to the fact that the agency's power to take land must be

balanced against the need to protect the rights of the individual landowners. *Vanderkloot, supra,* p 173; *Irwin, supra,* p 268.

Plaintiff claimed authority for this acquisition under the Drain Code of 1956, MCL 280.1 *et seq.*; MSA 11.1001 *et seq.,* and the act providing for the acquisition of property for public highways, MCL 213.361 *et seq.*; MSA 8.261(1) *et seq.* While the first statute appears to be the one most applicable to these facts, under both statutes an agency's authority to acquire land for drains is limited to those purposes directly related to the actual establishment, maintenance or improvement of the drain. MCL 280.73; 280.75, 213.361(k); MSA 11.1073, 11.1075, 8.261(1)(k).

While plaintiff refers us to cases that indicate that plaintiff has a broad authority to determine how much land is required, those cases were decided under a broader authority than anything found in the drain statutes. For example, in *New Products, supra,* the statute for establishing and maintaining limited access highways authorized excess condemnation, i.e., the taking of land which will not be physically occupied by the public project, if it would best serve the interests of the public. See MCL 252.54; MSA 9.1094(4). Other cases depend upon the amended 1908 Constitution which allowed a condemning authority to take not only land to be used by the proposed improvement, but also such other adjacent land and property as was appropriate to attain the greatest degree of public advantage. *Emmons v Detroit,* 255 Mich 558, 563; 238 NW 188 (1931), see also *Armstrong v Detroit,* 286 Mich 277, 280; 282 NW 147 (1938). The 1963 Constitution did not retain this provision, but provides simply that "private property shall not be taken for public use without just compensation . . . ." Const 1963, art 10, § 2. MCL

213.361(k); MSA 8.261(1)(k), the statute which delegates the power to condemn for drain construction and improvement, only allows the taking of property "*necessary* for the location, establishment, construction, improvement or relief of a drain . . . ." (Emphasis added.) Neither of these provisions provides for the broad discretion plaintiff claims.

In reviewing whether a taking is necessary, the consideration is not the advantage to the public, but whether the project needs the property involved. *Vanderkloot,* supra, p 175. Contrary to plaintiff's argument, the fact that cases such as *Emmons* and *Armstrong* appear in annotations to the currently relevant statutes does not mean that we are free to expand the definition of the term "necessary" as used in the present statutory scheme. In determining the extent of public use and necessity, we are bound by the law and standards presently in effect.

Furthermore, those cases which have discussed "excess" condemnation approved the acquisition of fairly limited amounts directly related to the improvement. *Armstrong, supra,* (three-foot strip of land abutting highway); *Emmons, supra,* (fifteen-foot strip of land abutting street). Since these cases were decided under the broader constitutional authority, it is understandable that the Court would allow acquisition of land abutting an improvement for purposes related to that improvement. However, there is no indication in this case that plaintiff is justified in acquiring four acres of land when apparently only one-sixth of the property is needed for the proposed improvement.

Plaintiff argues that the economic benefit it would realize by acquiring the parcel was sufficient reason for the extent of this taking. While economic considerations may be relevant in acqui-

sition decisions, there is no indication in Michigan law that economic considerations alone are sufficient justification. *Vanderkloot, supra,* pp 172-173, n 5; see also 40 CJS, Highways, § 179, pp 44-45. In *Grand Rapids Bd of Ed v Baczewski,* 340 Mich 265, 272; 65 NW2d 810 (1954), our Supreme Court specifically found that a condemnation based solely on the theory that it would save money "was a wrong theory or basis upon which to determine the question of necessity . . . ."

Plaintiff's California authority that excess condemnation is appropriate to avoid excess severance damages is not persuasive given California's statute specifically authorizing excess condemnation to avoid claims or litigation concerning severance or damages. *People ex rel Dep't of Public Works v Superior Court of Merced County,* 68 Cal 2d 206, 208-209, n 1; 65 Cal Rptr 342; 436 P2d 342 (1968). Even under that type of statute, the condemning authority is not unbridled and plaintiff would have to convince the trial court that the taking was justified. *Id.,* p 348; *State Highway Comm v Chapman,* 152 Mont 79; 446 P2d 709 (1968).

Further distinguishing those cases is the fact that the statutes involved required a finding that the excess land would be of "little value" if retained by the owner. In Michigan, the agency may acquire an entire parcel only if the practical value or utility of the remaining or excess portion of the parcel would be "destroyed" by a more limited acquisition. MCL 213.54, 213.365; MSA 8.265(4), 8.261(5). Our statutes are consistent with the "physical remnant theory" of condemnation which allows the agency to take the remaining fragments of land which because of their size or location would be of no use or value to the original owner. The alternative economic and financial remnant theories which allow condemnation on the basis of

the expense to the condemnor require a different statutory authority not found in Michigan. 2A Nichols on Eminent Domain, § 7.25, p 7-171 to 7-209. This record does not contain evidence that the value of the unused portion of this parcel was destroyed as required in Michigan to permit the taking of such unused land. In fact, plaintiff intended to resell the remaining land and the house to help cover the expense of the project.

Having reviewed the record before us, we find no factual or legal basis for the proposed taking. We agree with the trial court that the evidence does not support a need for the total taking of defendants' property and that the taking was so excessive as to be an abuse of discretion.

Nor does the record indicate that the trial court improperly shifted the burden of persuasion to plaintiff. In general, the plaintiff has the burden of proving its claim. In the condemnation context, plaintiff's resolution of necessity is prima facie evidence of necessity and fulfills its initial burden of proof. *Herbst, supra,* p 152. Defendants, as the moving party asking for a review of the finding of necessity, had the burden of coming forward with evidence to support their claim of abuse of discretion. *Irwin, supra,* p 270. This is consistent with the general rule regarding presumptions and the opposing party's duty to go forward with evidence to rebut or meet the presumption. MRE 301. Under that rule, this shift in the burden of going forward does not shift the plaintiff's risk of nonpersuasion. Similarly, the comment to SJI2d 90.03 concerning the burden of proof in condemnation proceedings explains that the plaintiff has the burden of proof and that the plaintiff's resolution of necessity is sufficient only in the absence of evidence to the contrary.

The record indicates that defendants came for-

ward with sufficient evidence to indicate an abuse of discretion in the proposed taking. Plaintiff was under no duty to respond, but by failing to rebut or respond to defendants it failed to maintain a record to support the presumption of necessity.

Finally, plaintiff's claims that the trial court merely paid lip service to the standard of review and that it adopted a new rule that an agency cannot change its mind are unwarranted.

The court's opinion indicates that the court considered plaintiff's arguments in light of the applicable law and the available facts. There are a number of factors to support the finding that plaintiff abused its discretion, including: (1) the project was apparently reengineered as to defendant's property only; (2) the neighbors who voluntarily granted the easement will have the enclosed box drain; (3) the lack of any connection between improving the drain and taking over four acres of land as opposed to taking an easement over the affected area; and (4) plaintiff's knowledge as early as 1985, prior to requesting the easement, of the cost of proposing an enclosed box drain.

There is no indication that the court somehow penalized plaintiff for merely changing its mind. When the court noted that there was no new fact or circumstance to justify plaintiff's change in plans, the court merely underlined its conclusion that it was defendants' refusal to grant an easement that apparently motivated plaintiff to condemn defendants' entire property rather than any intervening event which made it necessary to make a change in plans. The record indicates that the court's conclusion is justified.

That deference is given to the agency's condemnation decision does not mean that its decision cannot be questioned or overturned. On the record before us we find that the trial court's dismissal of

this condemnation action was not clearly erroneous.

Affirmed.