CITY OF TROY v BARNARD

Docket No. 110840. Submitted February 7, 1990, at Detroit. Decided May 7, 1990. Leave to appeal applied for.

The city council of the City of Troy, a home rule city, passed a resolution authorizing the acquisition, by condemnation if necessary, of property along Square Lake Road for the purpose of construction of a sidewalk along the road. The city already possessed a right of way of thirty-three feet north of the centerline of Square Lake Road. The city wished to acquire an additional right of way along parcels owned by Harriet Barnard and Robert Schultz, Jr., and Barbara A. Schultz. These owners refused to voluntarily give up the requested additional right of way. The city commenced condemnation proceedings in Oakland Circuit Court. Defendants filed motions to review the necessity of acquiring an additional seventeen feet and twenty-seven feet of right of way upon which it was intended to construct a five-foot-wide sidewalk. The trial court, Fred M. Mester, J., found that the sidewalk project was necessary, but that the city had abused its discretion by seeking to acquire more land than was necessary for the construction of the sidewalk. The city appealed.

The Court of Appeals *held*:

1. A city's determination of public necessity is binding on the courts and will not be disturbed absent a showing of fraud, error of law or abuse of discretion.

2. A home rule city does not have authority to acquire by condemnation property in excess of that necessary for the contemplated public use.

3. The record does not support the claim that the width of the desired right of way was the result of safety considerations. Further, neither the possibility that the road may be widened at some indefinite date nor the possible use of the right of way

References

Am Jur 2d, Eminent Domain §§ 114, 115; Municipal Corporations, Counties, and Other Political Subdivisions § 138.

Right to condemn property in excess of needs for a particular public purpose. 6 ALR3d 297.

for utility placement or snow storage justifies the condemnation of excess land.

4. The trial court properly determined the amount of land sought to be condemned was in excess of that necessary for the stated public use.

Affirmed.

1. EMINENT DOMAIN — NECESSITY — BURDEN OF PROOF.

A home rule city's determination of the public necessity to condemn land for use as a public sidewalk will not be disturbed absent a showing of fraud, error of law or abuse of discretion; a city's resolution of necessity is prima facie evidence of necessity and fulfills the city's initial burden of proof; a party seeking review of a city's determination of necessity has the burden of coming forward with evidence to support a claim of abuse of discretion.

2. EMINENT DOMAIN — NECESSITY — HOME RULE CITIES — SIDE-WALKS.

A home rule city lacks authority to take by condemnation property in excess of the property needed for the public purpose; accordingly, a home rule city seeking property by condemnation for the purpose of construction of a public sidewalk may not seek property in excess of that necessary for the sidewalk.

3. EMINENT DOMAIN — NECESSITY — HOME RULE CITIES — SIDE-WALKS.

A home rule city may not, in condemning land for the purpose of building a sidewalk along a public street, condemn land in excess of that necessary for the sidewalk where the only justification for the condemnation of the excess land is that the street along which the sidewalk is to be built might, at some indefinite future date, be widened.

*John J. Martin, III,* for plaintiff.

*DeMarco & Sage, P.C.* (by *John A. DeMarco*), for defendants.

Before: SULLIVAN, P.J., and DOCTOROFF and J. W. FITZGERALD,* JJ.

J. W. FITZGERALD, J. In this condemnation ac-

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

tion, plaintiff appeals the July 19, 1988, circuit court opinion and order finding that plaintiff had abused its discretion in taking property in excess of that needed for a sidewalk. We affirm.

In June, 1983, plaintiff's city council passed a resolution authorizing the city attorney or the right of way division to make unconditional offers to acquire property required for sidewalk construction along Square Lake Road between Donaldson and Montclair and authorizing the city attorney to begin any necessary condemnation proceedings. Defendants were among the property owners over whose land the sidewalk was to be constructed.[1]

On June 28, 1984, plaintiff filed a condemnation action under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq.*; MSA 8.265(1) *et seq.*, for the property it desired but had not yet obtained for the project. Plaintiff already possessed a right of way from the section line, the center of the roadway, to thirty-three feet north, on which the road itself was constructed. Plaintiff wanted to acquire property out to sixty feet north of the section line on the Schultz properties, and out to fifty feet north of the section line on the Barnard property.

On July 17, 1984, defendants filed a motion to review the necessity of the taking, pursuant to MCL 213.56; MSA 8.265(6). Defendants challenged the acquisition on the basis of their belief that plaintiff was requesting much more property than needed for a sidewalk. In 1981, when they had spoken with city officials initially, the indication was that the sidewalk would be placed on the street side of an existing hedge on the Schultz properties and on the street side of an existing fir

---

[1] The circuit court determined that Richard A. Barnard and Cheryl Barnard had no interest in Parcel 19, owned by Harriet Barnard, and should not have been named parties to the action.

tree on the Barnard property. Neither Barnard nor the Schultzes had objected to this. However, plaintiff instead is attempting to acquire more property, i.e., seventeen additional feet from the existing right of way on the Barnard property and twenty-seven additional feet on the Schultz properties, for the sidewalk construction. According to plaintiff, the sidewalk has been completed except for the portion to be placed across defendants' properties. The north side of the sidewalk would be placed forty-six feet from the section line on the Barnard property and apparently from forty-two feet to fifty-five feet north of the section line on the Schultz properties.

Plaintiff contends that taking the additional property is necessary for safety reasons and to accommodate other utilities and future widening of the road. However, no safety study had been done in determining the placement of the sidewalk, and, in at least one instance, the sidewalk was placed closer to the road in order to accommodate some trees, with the landscaping apparently taking precedence over safety. Plaintiff's master land use plan, which is only a guideline for future development, calls for Square Lake Road to be widened, but sets no specific date. Presumably, by acquiring the extra property now, the widening could be done more economically and the sidewalk might not need to be moved when the widening takes place. However, there are no present plans to expand the road, and one of plaintiff's witnesses admitted that it may not take place for twenty or thirty years.

The trial court found that the sidewalk project was necessary. However, it found that plaintiff had abused its discretion with respect to the acquisition of lands for the construction of the sidewalk by having no plans or specifications for the project

drawn up beforehand, by not considering other alternatives for the construction and by not knowing where the sidewalk would be constructed until it was laid out in the field. The court determined that it was unnecessary for plaintiff to acquire a right of way back to the sixty-foot line along the Schultz properties and to the fifty-foot line along the Barnard property for the construction of a safe sidewalk.

We will not reverse the findings and conclusions of the trial court in a condemnation action unless they are clearly erroneous. *Nelson Drainage Dist v Filippis,* 174 Mich App 400, 403; 436 NW2d 682 (1989). We do not find the trial court's decision clearly erroneous in this case.

Plaintiff's determination of public necessity is binding on the courts and will not be disturbed absent "a showing of fraud, error of law, or abuse of discretion." *Id.*; MCL 213.56(2); MSA 8.265(6)(2). Plaintiff's resolution of necessity is prima facie evidence of necessity and fulfills its initial burden of proof. Defendants, as the moving parties in asking for a review of the finding of necessity, have the burden of coming forward with evidence to support their claim of abuse of discretion. *Nelson Drainage, supra,* p 408. There can be no judicial review of the decision to make an improvement. *State Highway Comm v Vanderkloot,* 392 Mich 159, 176; 220 NW2d 416 (1974). See also *Nelson Drainage, supra,* p 404. However, the court may review the necessity of acquiring some or all of the property involved by considering whether the land in question is reasonably suitable and necessary for the contemplated project and whether the condemning agency needs to take this particular property. *Nelson Drainage, supra.* While economic considerations may be relevant in acquisition decisions, there is no indication that

economic considerations alone are sufficient justification. *Nelson Drainage,* pp 406-407. See also *Grand Rapids Bd of Ed v Baczewski,* 340 Mich 265; 65 NW2d 810 (1954).

Generally, in reviewing a condemning agency's decision for abuse of discretion, this Court considers whether the decision is violative of fact and logic. The flexibility of condemnation review standards recognizes that deference must be paid to the agency's statutory authority and the uniqueness of each factual situation. *Nelson Drainage, supra,* p 404. This Court must also be sensitive to the fact that the agency's power must be balanced against the need to protect the rights of the individual property owners. *Nelson Drainage, supra,* pp 404-405; *VanderKloot, supra,* p 173.

Plaintiff claims its authority for the taking of defendants' properties under the home rule cities act, MCL 117.1 *et seq.*; MSA 5.2071 *et seq.*, specifically MCL 117.4h; MSA 5.2081, which provides a city with the authority to use, regulate, improve and control the surface of its streets and public ways. Plaintiff relies on several cases which it claims give it authority to take excess land by condemnation. However, this Court in *Nelson Drainage, supra,* p 405, has already noted the limitations on the application of the cases which plaintiff cites:

> While plaintiff refers us to cases that indicate that plaintiff has a broad authority to determine how much land is required, those cases were decided under a broader authority than anything found in the drain statutes. For example, in *New Products [Corp v State Highway Comm'r,* 352 Mich 73; 88 NW2d 528 (1958)] the statute for establishing and maintaining limited access highways authorized excess condemnation, i.e., the taking of land which will not be physically occupied by the

public project, if it would best serve the interests of the public. See MCL 252.54; MSA 9.1094(4). Other cases depend upon the amended 1908 Constitution which allowed a condemning authority to take not only land to be used by the proposed improvement, but also such other adjacent land and property as was appropriate to attain the greatest degree of public advantage. *Emmons v Detroit,* 255 Mich 558, 563; 238 NW 188 (1931), see also *Armstrong v Detroit,* 286 Mich 277, 280; 282 NW 147 (1938). The 1963 Constitution did not retain this provision, but provides simply that "private property shall not be taken for public use without just compensation . . . ." Const 1963, art 10, § 2.

Here, the home rule cities act does not grant the broad powers to take excess property which are granted by MCL 252.54; MSA 9.1094(4). The 1963 Constitution, which does not retain the previous provision granting authority for excess condemnation, is controlling. In determining the extent of public use and necessity, we are bound by the law and standards presently in effect. *Nelson Drainage, supra,* p 406. Further, the fact that the cases cited by plaintiff appear in annotations to currently relevant statutes does not mean that we are free to expand the definition of the term "necessary" as used in the present statutory scheme. *Nelson Drainage, supra.*

Plaintiff cites two statutes which it claims show that the UCPA currently in effect contemplates excess condemnation in furtherance of the public interest and survives the 1963 Constitution. MCL 213.54(1); MSA 8.265(4)(1) provides for the condemning agency to acquire the whole of a particular parcel of land only if the acquisition of the portion of the land actually needed by the agency would destroy the practical value or utility of the remainder of that parcel. This is clearly not the

situation in the present case. MCL 213.72; MSA 8.265(22) provides that a condemning agency may lease, sell or convey any portion of acquired property not needed. However, this statute does not grant the authority to purposely obtain more property than is necessary for the stated project.

In reviewing whether a taking is necessary, the consideration is not the advantage to the public, but whether the project needs the property involved. *Nelson Drainage, supra,* p 406. Here, the city council's resolution was that the city officials be authorized to acquire property "required for sidewalk construction." Plaintiff's complaint for acquisition of property, along with its accompanying documents entitled "Statement of Necessity" and "Declaration of Taking," all indicate that it was attempting to acquire the property for a sidewalk. Clearly, neither seventeen feet nor twenty-seven feet are necessary for the construction of a five-foot sidewalk. We believe that the words "public necessity" and "necessity" in the UCPA mean a necessity now existing or which will exist in the near future, not an indefinite, remote or speculative future necessity. See *Baczewski, supra,* p 269.[2] Plaintiff's acquisition of excess property, premised on the hope that it might widen Square Lake Road sometime within the next thirty years, does not meet the test of necessity. Further, the fact that plaintiff can utilize this extra land in the meantime for other purposes, such as utility placement and snow storage, does not help to justify the condemnation. See *Baczewski, supra,* p 268.

Plaintiff's stated reason for the necessity of the taking was sidewalk construction. Clearly, defen-

[2] The *Baczewski* Court adopted a similar explanation for the words "necessity for using such property" in the Constitution in effect at that time.

dants have met their burden of proving that the amount of property sought by plaintiff was not necessary to construct a five-foot sidewalk. Plaintiff abused its discretion by determining that the excess property was necessary for sidewalk construction. The trial court's opinion and order are affirmed.

Affirmed.