GRAND RAPIDS BOARD OF EDUCATION *v.* BACZEWSKI.

1. EMINENT DOMAIN—PLAYGROUNDS—EVIDENCE.
   Condemnation by board of education of appellants' property for playground purposes *held,* not justified under record presented (CL 1948, § 213.21 *et seq.*).

2. SAME—NECESSITY—SCHOOL SITES—REMOTE FUTURE USE.
   The practice of acquiring vacant and undeveloped property as a site for some remote future use for perhaps 30 years later for site for a school in order to save money for the taxpayers, however commendable as a basis for purchasing the property, does not meet the test of necessity in condemnation proceedings as the "necessity for using such property" does not mean an indefinite, remote or speculative future necessity, but means a necessity now existing or to exist in the near future (Const 1908, art 13, § 2).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  18 Am Jur, Eminent Domain §§ 106, 107.
[2, 4, 6, 7]  18 Am Jur, Eminent Domain § 111.
[2, 4, 6, 7]  Right to condemn property in excess of needs for public purpose. 14 ALR 1350; 68 ALR 837.
[3]  18 Am Jur, Eminent Domain § 242.
[5]  18 Am Jur, Eminent Domain §§ 107, 137.
[8]  18 Am Jur, Eminent Domain § 378.

3. SAME—INSTRUCTIONS—FUTURE DAMAGES.

> Court's instruction to jury in condemnation proceedings to acquire a school site for use some 30 years in the future that jury could not award speculative future damages but must confine the award to present values was proper.

4. SAME—NECESSITY.

> The right to condemn private property for public use must be justified and limited by the necessity therefor (Const 1908, art 13, § 2).

5. SAME—JURY—WRONG THEORY—NECESSITY—DAMAGES—SUPREME COURT.

> The jury is the final determiner of both law and fact in condemnation proceedings but the Supreme Court has the right and duty to reverse the jury's determination, where the jury has proceeded on a wrong theory or basis to determine the question of necessity or damage and the errors complained of have had a controlling influence in securing the result (Const 1908, art 13, § 2; CL 1948, § 213.21 *et seq.*).

6. SAME—REMOTE FUTURE USE—NECESSITY—INSTRUCTIONS.

> Theory of school board, as condemning agency, that it could condemn private property, presently vacant and undeveloped, for a use some 30 years in the future, adopted by trial court in instructions to the jury, constituted an error which may fairly be said to have had controlling influence upon the jury in determining the question of necessity (Const 1908, art 13, § 2; CL 1948, § 213.21 *et seq.*).

7. SAME—NECESSITY—FINDING OF JURY.

> The jury in a condemnation proceeding must find that the condemning agency must prove that the property involved will be immediately used for the purpose sought or within a period of time that the jury determines to be the near future or a reasonable immediate use in order to find necessity (Const 1908, art 13, § 2; CL 1948, § 213.21 *et seq.*).

8. COSTS—PUBLIC QUESTION—CONDEMNATION PROCEEDINGS.

> No costs are allowed on appeal in condemnation proceedings by a school district, a public question being involved (Const 1908, art 13, § 2; CL 1948, § 213.21 *et seq.*).

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted April 9, 1954.

(Docket No. 54, Calendar No. 45,936.)   Decided September 8, 1954.   Rehearing denied October 14, 1954.

Petition by the Board of Education of the City of Grand Rapids, an organized school district, for condemnation of property owned by Michael Baczewski and Frances Baczewski to be used for future school purposes. Judgment for plaintiff. Defendants appeal. Reversed.

*John F. Livingston (Roger D. Anderson,* of counsel), for plaintiff.

*Sigmund S. Zamierowski (Harry L. Merdzinski,* of counsel), for defendants.

KELLY, J.   The board of education of the city of Grand Rapids by resolution authorized the filing of a petition to condemn appellants' property in accordance with PA 1911, No 149, as amended (CL 1948, § 213.21 *et seq.* [Stat Ann § 8.11 *et seq.*]), said property being "designated, selected and established as a school site."

A jury found for the appellee and awarded damages to appellants in the sum of $9,212.50.   Appellants have appealed from the order of the court confirming the verdict, claiming that appellee failed to meet the requirements of the Michigan Constitution (1908), art 13, § 2, which provides: "When private property is taken for the use or benefit of the public, the necessity for using such property * * * shall be ascertained by a jury."

Union high school, with an enrollment of 1,500 students, is a city square block in size and is located on the west side of Grand Rapids about 3/4 of a mile from appellants' property.   Appellants' vacant and undeveloped property is surrounded by homes, many having been recently built.   The board plans to build

a high school on appellants' land at some indefinite time in the future when Union high school has outlived its usefulness.

There is no present need to use appellants' property as a site on which to build a high school. Appellee's business manager testified that Union high school was adequate to meet its tests of usefulness for 30 years in the future. [The board admits it may continue to use Union high school for 30 years thus delaying the use of appellants' property for the purpose for which it was condemned (a high school site) for 30 years or more.

Appellee states in its brief that in the interval between the acquisition of the land and the building of the high school, the site will be used for playground purposes. There is nothing in the record to justify condemnation of appellants' property for a playground. If necessity was established, it would have to be necessity of acquisition for a high school site.

Appellee instituted this proceeding long before there was need for a new high school site, in order to save money. The record repeatedly establishes the fact that the economy of the transaction was the dominant motivation. The superintendent of schools testified: "We think it is wise for public boards to procure sites in advance in order that the taxpayers today may spend a small sum of money in order to save future taxpayers a vast sum of money." The business manager testified: "What we are trying to do is save the taxpayers of this city some money by acquiring property which is not now developed so we don't have to do it after it is developed."

The court in its instructions to the jury commented upon appellee's theory that it should provide for future needs thereby saving money, and approved such action without any limitation as to how far the future might be extended.

We cannot agree with the court in this regard, nor with appellee's theory. Such a practice could be highly commended in the board's purchasing of property, but does not meet the test of *necessity* in condemnation proceedings. The words "necessity for using such property" in our Constitution does not mean an indefinite, remote or speculative future necessity, but means a necessity now existing or to exist in the near future.

The court properly instructed the jury that it could not award speculative future damages to the appellants but should confine the award to present values. If necessity can be extended to a remote, indefinite future, damages should also be so extended. The adoption of such a rule would not only be beyond what was contemplated in the constitutional grant of condemning power, but would result in confusion and chaos in future condemnation proceedings.

This Court has not previously been called upon to determine the question submitted in this case, and appellee calls attention that our decision has far-reaching importance to governmental units seeking future condemnation. We agree with that statement and add that the decision has also far-reaching effect upon the right of property ownership.

The State Constitution of 1850 added to the requirement of the 1835 Constitution by providing that there should not only be just compensation but also proof of a necessity for taking and using the property. This was commented upon in *Paul* v. *City of Detroit*, 32 Mich 108, wherein this Court said (p 114):

"This provision is not found in constitutions generally, and was never known in Michigan until the adoption of the Constitution of 1850. Before that, neither jury nor commissioners had any duty to perform except assessing damages, and the preroga-

tive of taking property on their own estimate of its necessity was exercised by legislatures or those persons or corporations whom they allowed to act in the matter.

"The change was made from a well-founded belief, founded on experience, that private property was often taken improperly and without any necessity. * * * The system was abused to the oppression of individuals * * * and the sacredness of private property, and its immunity from any interference not required by actual public exigencies, ceased to be respected."

From the early days of statehood this Court has recognized the property owners' right to challenge and test necessity, and in *Trombley* v. *Humphrey,* 23 Mich 471 (9 Am Rep 94), it was stated (p 474):

"The right being thus found to rest upon necessity, the power to appropriate in any case must be justified and limited by the necessity; and whenever in any instance the government or its officials shall attempt to seize and appropriate that which cannot be needful to the due execution of its sovereign powers or the proper discharge of any of its public functions, the same means of resistance and legal redress are open to the owner that would be available in case of a like seizure by lawless individuals: *Matter of Albany Street,* 11 Wend [NY] 149, 151."

This Court in *In re Jeffries Homes Housing Project,* 306 Mich 638, 647, held there must not only be a necessity for taking the property but a necessity to make the improvement, and said:

"Some of the appellants further claim that while the jury found that it was necessary to take the property, it did not find that it was necessary to make the improvement. The judge instructed the jury that if they found from the evidence presented that there was insufficient evidence to find a verdict of necessity, then the verdict must be of no necessity; that

in determining the question of necessity, the jury must find whether or not the project was necessary, not whether it was necessary to take the land for the proposed project; that if it found that the construction of the project at the present time was not a public necessity, the verdict must be one of 'not necessary.' We believe the jury was not in any way misled, and that their verdict covered both the necessity for the improvement as well as for the taking of the particular properties. The form of the verdict followed the statute, CL 1929, § 3794 (Stat Ann § 8.51),* and was approved in *Re Widening of Harper Avenue,* 237 Mich 684."

This principle was reaffirmed in *Department of Conservation* v. *Connor,* 316 Mich 565.

Appellee contends that the jury's determination of necessity is conclusive and a review of said determination by this Court would constitute an assumption of jurisdiction denied to the Court by the Constitution.

We do not agree with appellee's contention. Numerous decisions have established that the jury is the final determiner of both law and fact in condemnation proceedings. Another important principle however was established in *In re Owen and Memorial Parks in City of Detroit,* 244 Mich 377 (61 ALR 190), and in *In re Parkside Housing Project,* 290 Mich 582, namely: that this Court has the right and duty to reverse a jury's determination in condemnation proceedings where the jury has proceeded on a wrong theory or basis to determine the question of necessity or damage and where "the errors complained of are such as may fairly be said to have a controlling influence in securing the result."

---

* The reference is to condemnation under PA 1883, No 124. The comparable provisions in the instant case, brought under PA 1911, No 149, are CL 1948, §§ 213.30, 213.31 (Stat Ann §§ 8.20, 8.21).—REPORTER.

The theory adopted in this case by both the appellee and the trial court that the school board could justify the taking of appellants' property up to 30 years before it needed same by showing that by such action it would save money was a wrong theory or basis upon which to determine the question of necessity and constituted an error that may fairly be said to have had a controlling influence upon the jury.

In condemnation proceedings in this State petitioner should prove that the property will either be immediately used for the purpose for which it is sought to be condemned or within a period of time that the jury determines to be the "near future" or a "reasonably immediate use." Such a construction of the phrase in our Constitution, "necessity for using such property" finds supporting authority by decisions of the supreme courts of Minnesota, California and Louisiana, as reported in: *State, ex rel. City of Duluth*, v. *Duluth Street Railway Co.*, 179 Minn 548 (229 NW 883); *Kern County Union High School District* v. *McDonald*, 180 Cal 7 (179 P 180); and *City of New Orleans* v. *Moeglich*, 169 La 1111 (126 So 675), and by the Federal district court of West Virginia in *Porter* v. *City of Charleston*, 65 F Supp 224.

Reversed. No costs, a public question being involved.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and DETHMERS, JJ., concurred.