*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

WIND SURF AND SAIL POOLS, INC.,

Plaintiff-Appellant,

v

DEPARTMENT OF TREASURY,

Defendant-Appellee.

UNPUBLISHED
March 12, 2025
11:14 AM

No. 368389
Court of Claims
LC No. 23-000088-MT

Before: N. P. HOOD, P.J., and BOONSTRA and FEENEY, JJ.

PER CURIAM.

Plaintiff appeals by right the order of the Court of Claims (the trial court) granting defendant's motion for summary disposition. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff is a Michigan corporation that owns both real and personal property in Michigan. Defendant secured several tax liens on plaintiff's property for delinquent taxes. Additionally, the United States, through the Internal Revenue Service (IRS), also secured liens on plaintiff's property for delinquent taxes. In 2017, plaintiff and the IRS stipulated to a judgment in favor of the United States to satisfy plaintiff's federal tax debt for tax years 2004 through 2012.

In June 2023, defendant issued plaintiff a final demand for a tax debt nearly of $300,000, stating that plaintiff must pay within 10 days to avoid "[s]eizure and selling of vehicles, real estate, business assets . . . , and personal property." The next day, plaintiff filed a complaint in the trial court, seeking a declaratory judgment that "Defendant's actions to levy and seizes [sic] Plaintiff's property would be contrary to the purpose and language of [MCL 205.25]." Plaintiff alleged that the IRS would be entitled to the proceeds of any sale of plaintiff's property, because defendant's liens were subordinate to those of the IRS. Plaintiff also requested that the trial court declare that defendant "shall stay all proceedings until the tax liens of the United States of America, having priority of the State of Michigan liens, are satisfied and discharged."

Defendant moved for summary disposition under MCR 2.116(C)(8) (failure to state a valid claim), arguing that plaintiff was effectively attempting to assert claims or seek a declaration of

rights on behalf of the IRS, as to which plaintiff lacked standing. Defendant also argued that even if there was a dispute about the priority between defendant and the IRS, that dispute could not prevent defendant's seizure and sale of plaintiff's property. Finally, defendant contended that statutory law specifically prohibited the relief requested—a stay of the collection of a tax.

The trial court granted defendant's motion, albeit under MCR 2.116(C)(5) (lack of legal capacity to sue), holding that plaintiff lacked standing because the dispute was between defendant and the IRS over the proceeds of the envisioned sale of plaintiff's property. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. See *Grossman v Brown*, 470 Mich 593, 598; 685 NW2d 198 (2004). We also review de novo as questions of law whether a plaintiff has standing to sue and is the real party in interest. *Mich Ass'n of Home Builders v City of Troy*, 504 Mich 204, 212; 934 NW2d 713 (2019); *Pontiac Police & Fire Retiree Prefunded Group Health & Ins Trust Bd of Trustee v Pontiac No. 2*, 309 Mich App 611, 619; 873 NW2d 783 (2015). A plaintiff bears the burden of showing that it has standing. *American Family Ass'n v Mich State Univ Bd of Trustees*, 276 Mich App 42, 48; 739 NW2d 908 (2007).

We review de novo the interpretation of our Constitution, court rules, and statutes. *Madugula v Taub*, 496 Mich 685, 695; 853 NW2d 75 (2014); *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).

## III. ANALYSIS

Plaintiff argues that the trial court erred by dismissing plaintiff's claim for lack of standing. We disagree.

### A. DECLARATORY RELIEF AND STANDING GENERALLY

MCR 2.605 states in pertinent part as follows:

> (A)(1) In a case of actual controversy within its jurisdiction, a Michigan court of record may declare the rights and other legal relations of an interested party seeking a declaratory judgment, whether or not other relief is or could be sought or granted.

> * * *

> (C) The existence of another adequate remedy does not preclude a judgment for declaratory relief in an appropriate case.

The language of MCR 2.605 "is permissive, and the decision whether to grant declaratory relief is within the trial court's sound discretion." *PT Today, Inc v Comm'r of Office Fin & Ins Servs*, 270 Mich App 110, 126; 715 NW2d 398 (2006).

"An actual controversy exists when a declaratory judgment is needed to guide a party's future conduct in order to preserve that party's legal rights." *League of Women Voters v Secretary of State*, 506 Mich 561, 586; 957 NW2d 731 (2020). To establish this, a party must "plead and prove facts which indicate an adverse interest necessitating the sharpening of the issues raised." *Lansing Sch Ed Ass'n*, 487 Mich at 372 n 20 (quotation marks and citations omitted). While a court "is not precluded from reaching issues before actual injuries or losses have occurred," there still must be "a present legal controversy, not one that is merely hypothetical or anticipated in the future." *League of Women Voters*, 506 Mich at 586.

"The purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 355; 792 NW2d 686 (2010) (quotation marks and citation omitted). "[W]hen standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Allstate Ins Co v Hayes*, 442 Mich 56, 68; 499 NW2d 743 (1993) (quotation marks and citation omitted). "The real party in interest is a party who is vested with a right of action in a given claim, although the beneficial interest may be with another." *Pontiac Police & Fire*, 309 Mich App at 621. "Both the doctrine of standing and the included real-party-in-interest rule are prudential limitations on a litigant's ability to raise the legal rights of another." *Id.* at 621-622 (citation omitted). Generally, parties must "assert their own legal rights and cannot rest their claims to relief on the rights or interests of third parties." *Id.* at 622.

### B. PLAINTIFF LACKS STANDING IN THIS CASE

Plaintiff argues that defendant cannot reasonably expect to receive proceeds from the sale of the property it plans to seize under MCL 205.25(1), in light of the IRS tax liens. See *United States v New Britain*, 347 US 81; 74 S Ct 367; 98 L Ed 520 (1954) (stating that, generally, a federal tax lien takes priority over a state or local tax lien). MCL 205.25(1) states:

> (1) The state treasurer, or an authorized representative of the state treasurer, may cause a demand to be made on a taxpayer for the payment of a tax, unpaid account, or amount due the state or any of its departments, institutions, or agencies, subject to administration under this act. If the liability remains unpaid for 10 days after the demand and proceedings are not taken to review the liability, the state treasurer or an authorized representative of the state treasurer may issue a warrant under the official seal of that office. Except as provided in subsection (5), the state treasurer or an authorized representative of the state treasurer, through any state officer authorized to serve process or through his or her authorized employees, may levy on all property and rights to property, real and personal, tangible and intangible, belonging to the taxpayer or on which a lien is provided by law for the amount of the deficiency, and *sell the real and personal property of the taxpayer found within the state for the payment of the amount due*, the cost of executing the warrant, recording or filing fees, and the additional penalties and interest. Except as provided in subsection (6), the officer or agent serving the warrant shall proceed upon the warrant in all respects and in the same manner as prescribed by law in respect to executions issued against property upon judgments by a court of record. This state, through the state treasurer or an authorized representative of the state

treasurer, may bid for and purchase any property sold pursuant to this section. [Emphasis added.]

Plaintiff argues that any sale of property by defendant would not be "for the payment of the amount due," MCL 205.25(1), because the proceeds would instead go to the IRS, and therefore that the trial court should have declared that defendant was prohibited from foreclosing on its property under MCL 205.25 until the IRS liens are satisfied. We disagree.

Although an actual controversy does exist between plaintiff and defendant, by virtue of the tax debt and defendant's liens and attempts to foreclose on those liens, plaintiff's complaint did not seek a declaration of plaintiff's and defendant's rights and obligations with respect to each other in relation to that controversy. Rather, the complaint asked the trial court to declare that the IRS's liens were superior (to defendant's) and that defendant's foreclosure of plaintiff's property would either hamper its ability to satisfy the IRS liens or result in no payment to defendant because of the superiority of the IRS liens.

The essence of plaintiff's complaint was not to seek a declaration of rights as between plaintiff and defendant; instead, plaintiff seeks a declaration of the IRS's rights relative to defendant's. We agree with the trial court that plaintiff is not entitled to a declaratory judgment to preserve the legal rights of a nonparty, whether that limitation is characterized as plaintiff's lack of standing or the fact that plaintiff is not the real party in interest. *Pontiac Police & Fire*, 309 Mich App at 622.

## C. PLAINTIFF'S CONSTITUTIONAL CLAIM LACKS MERIT

Additionally, to the extent that plaintiff claims that, under these circumstances, foreclosure under MCL 205.25 would be an unconstitutional taking, that argument lacks merit. Statutes are presumed to be constitutional, and courts have a duty to construe a statute as constitutional unless its unconstitutionality is clearly apparent. *In re Request for Advisory Opinion Regarding Constitutionality of 2011 PA 38*, 490 Mich 295, 307; 806 NW2d 683 (2011). A statute is not unconstitutional merely because it might be improperly administered. *Associated Builders & Contractors v Dep't of Consumer & Indus Servs*, 267 Mich App 386, 399; 705 NW2d 509 (2005). If necessary, a court must give a statute a narrowing construction to render it constitutional if such a construction is possible while preserving the Legislature's purpose. *Thompson v Merritt* (*Amended Opinion*), 192 Mich App 412, 424; 481 NW2d 735 (1991). The presumption of constitutionality is especially strong if tax legislation is concerned. *In re Request for Advisory Opinion Regarding Constitutionality of 2011 PA 38*, 490 Mich at 308.

The Fifth Amendment to the United States Constitution prohibits the taking of private property for public use without just compensation. See US Const, Am V. Similarly, under the Michigan Constitution, "[p]rivate property shall not be taken for public use without just compensation therefore being first made or secured in a manner prescribed by law." Const 1963, art 10, § 2. Therefore, to assess the constitutionality of a taking, our courts must determine whether it was for a public use, and whether just compensation was provided. "[T]here should not only be a just compensation but also proof of a necessity for the taking . . . of the property." *Grand Rapids Bd of Ed v Baczewski*, 340 Mich 265, 269-270; 65 NW2d 810 (1954).

-4-

In this case, plaintiff argues that it would not receive just compensation from defendant if its property were foreclosed upon, because any proceeds from the sale of the property would go to the IRS. Besides being speculative and relying on the occurrence of several events that have not yet come to pass, plaintiff's argument actually cuts against its claim that an unconstitutional taking would occur. If we take plaintiff's statement as true, that the entire value of the property already belongs to the IRS, then what exactly would defendant be "taking" from plaintiff if it foreclosed on the property? In any event, plaintiff has presented this Court with no authority for the proposition that the potential existence of another secured creditor with a superior claim renders defendant unable to foreclose on property under MCL 205.25(1). At this point in the proceedings, any holding this Court made regarding MCL 205.25(1)'s constitutionality as applied to plaintiff would be in the nature of an advisory opinion, which we decline to issue. See *In re Smith*, 324 Mich App 28, 41; 919 NW2d 427 (2018).

## IV. CONCLUSION

For these reasons, we conclude that the trial court did not err by granting defendant's motion for summary disposition. *Grossman,* 470 Mich at 598.

Affirmed.

/s/ Noah P. Hood
/s/ Mark T. Boonstra
/s/ Kathleen A. Feeney

-5-