## MULLIGAN *v.* CITY OF KALAMAZOO.

1. NUISANCE—INJUNCTION—APPEAL AND ERROR—MOOT QUESTION.

Appeal from trial court's denial of temporary injunction to prevent defendant city from building sewage-drying lagoon and by-products solids disposal area near plaintiffs' lands on grounds that it would be a nuisance is dismissed, where the question has become moot by completion of construction after submission of the case to the Court of Appeals.

2. COSTS—PUBLIC QUESTION—NUISANCE—MOOT QUESTION.

No costs are allowed, a public question being involved, upon dismissal of appeal from summary judgment that installation of sewage and waste disposal facilities was not a nuisance *per se,* where appeal is dismissed because project has been completed and question is moot.

Appeal from Kalamazoo; Van Valkenburg (Wade), J. Submitted Division 3 November 8, 1967, at Grand Rapids. (Docket No. 3,016.) Decided March 21, 1968.

Complaint by Olive Mulligan, Leslie Docsa, Allynn Docsa, Norma Herder, Anthony R. Owsiany, Dorothy M. Owsiany, Joseph A. Oliver, Jr., and Robert E. Talbot against the City of Kalamazoo to enjoin the construction of a sewage drying lagoon and by-products solids disposal area. Summary judgment for defendant. Plaintiff appeals. Appeal dismissed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 761 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 1009.

*Wickett, Erickson & Beach,* for plaintiffs.

*Morris, Culver & Corsiglia,* for defendant.

Burns, J.   Plaintiffs appeal a summary judgment granted in favor of defendant.

This action was commenced to enjoin the construction of a drying lagoon and by-products solids disposal area on 250 acres in Kalamazoo township. The installation is part of a $4,000,000 project to provide secondary sewage treatment for domestic and industrial waste.   Plaintiffs alleged the operation of the secondary sewage treatment plant would be a nuisance.

Defendant moved for a summary judgment under GCR 1963, 117.2(1) on the ground that plaintiffs' complaint did not state a claim upon which relief could be granted because injunctive relief could not be granted for speculative, conjectural or apprehensive injury or nuisance and defendant had constitutional and statutory authority to construct and operate sewage and waste disposal facilities.

The trial judge held that the installation was not a nuisance *per se* and that injunctive relief was not proper to enjoin a speculative nuisance.   The trial judge relied upon *Sommers* v. *City of Detroit* (1938), 284 Mich 67, and *Cullum* v. *Topps-Stillman's, Inc.* (1965), 1 Mich App 92.

Since the hearing in the trial court and the submission of the case to this Court, the project has been completed.   Therefore, the question is moot.

The appeal is hereby dismissed.   No costs, a public question being involved.

Lesinski, C. J., and Holbrook, J., concurred.