*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN GAS UTILITIES CORPORATION,

        Plaintiff-Appellee,

v

E. RICHARD MIDLAM, JR., and LISA R. MIDLAM, Cotrustees of the EARL R. MIDLAM AND HAZEL M. MIDLAM TRUST,

        Defendants-Appellants,

and

CONSUMERS POWER COMPANY, CONSUMERS ENERGY COMPANY, CONSUMERS ENERGY, MICHIGAN BELL TELEPHONE COMPANY, EXXON COAL RESOURCES, GARY TROLZ, MATRIX EXPLORATION & DEVELOPMENT, LUCAS EXPLORATION & DEVELOPMENT, STRICKLER RESOURCES LP, DEPARTMENT OF AGRICULTURE AND RURAL DEVELOPMENT, CALHOUN COUNTY ROAD COMMISSION, PETER S. LUCYSHYN, Trustee of the MYMACHOD TRUST, and DOUBLE EAGLE FARMS II, CO,

        Defendants.

UNPUBLISHED
January 16, 2026
9:32 AM

Nos. 366202; 366766
Calhoun Circuit Court
LC No. 2022-000973-CC

MICHIGAN GAS UTILITIES CORPORATION,

        Plaintiff-Appellee,

v

Nos. 366204; 366767
Calhoun Circuit Court

-1-

E. RICHARD MIDLAM, JR., and LISA R. MIDLAM, Cotrustees of the EARL R. MIDLAM AND HAZEL M. MIDLAM TRUST,

        Defendants-Appellants,

and

MICHIGAN BELL TELEPHONE COMPANY, GARY TROLZ, GLYNN TROLZ AND ASSOCIATES, INC., MATRIX EXPLORATION & DEVELOPMENT, LUCAS EXPLORATION & DEVELOPMENT, WEST BAY EXPLORATION COMPANY, STRICKLER RESOURCES LP, TIMMUS ENERGY PARTNERS, INC., POLARIS ENERGY, INC., NOVERR ENTERPRISES, LLC, TONI S. TONDA, JES ENTERPRISES, LLC, JES INVESTMENTS, LLC, JEFFREY S. SOBECK, SNH HOLDINGS, PETER NOVERR, CASEY COWELL, INNOVA EXPLORATION, INC, CHERRY RIVER INVESTMENTS, LLC, JORDAN DEVELOPMENT COMPANY, LLC, ROCK OIL COMPANY, LLC, TREDWELL ENERGY CORPORATION, TIMOTHY L. BAKER, JIM BOWSER, GARY GOTTSCHALK, HARRY L. GRAHAM, MATT JOHNSTON, MURRAY MATSON, ERIC MAYFIELD, SHEILA MAYFIELD, MORRIS A. MICELI, DAVID RATAJ, KEITH SCHAUB, BENNETT L. SMITH III, BENNETT LAWSON SMITH III TRUST, MARY VANCE TUCKER STILLWELL TRUST, LUCY LEA TUCKER TRUST, ROBERT E. TUCKER, JR., MATTHEW A. JOHNSTON and KELLY L. JOHNSTON, Cotrustees of the JOHNSTON TRUST, CALHOUN COUNTY WATER RESOURCES COMMISSION, DEPARTMENT OF AGRICULTURE AND RURAL DEVELOPMENT, PETER S. LUCYSHYN, Trustee of the MYMACHOD TRUST, AT&T, L. NICHOLAS & NANCY RUWE CHARITABLE TRUST, JOHN SCHMITZ, Personal Representative of the ESTATE OF N. RUWE, CALHOUN COUNTY BOARD OF COMMISSIONERS, CONSUMERS ENERGY COMPANY, CONSUMERS ENERGY,

LC No.   2022-000983-CC

CONSUMERS POWER COMPANY, and DOUBLE
EAGLE FARMS II, CO.,

Defendants.

MICHIGAN GAS UTILITIES CORPORATION,

Plaintiff-Appellee,

v

E. RICHARD MIDLAM, JR., and LISA R.
MIDLAM, Cotrustees of the EARL R. MIDLAM
AND HAZEL M. MIDLAM TRUST,
CONSUMERS POWER COMPANY,
CONSUMERS ENERGY COMPANY,
CONSUMERS ENERGY, MICHIGAN BELL
TELEPHONE COMPANY, EXXON COAL
RESOURCES, GARY TROLZ, MATRIX
EXPLORATION & DEVELOPMENT, LUCAS
EXPLORATION & DEVELOPMENT,
STRICKLER RESOURCES, LP, DEPARTMENT
OF AGRICULTURE AND RURAL
DEVELOPMENT, CALHOUN COUNTY ROAD
COMMISSION, PETER S. LUCYSHYN, Trustee of
the MYMACHOD TRUST, and AT&T,

Defendants,

and

and DOUBLE EAGLE FARMS II, CO.,

Defendant-Appellant.

No. 367103
Calhoun Circuit Court
LC No. 2022-000973-CC

MICHIGAN GAS UTILITIES CORPORATION,

Plaintiff-Appellee,

v

E. RICHARD MIDLAM, JR., and LISA R.
MIDLAM, Cotrustees of the EARL R. MIDLAM
AND HAZEL M. MIDLAM TRUST, MICHIGAN

No. 367104
Calhoun Circuit Court
LC No. 2022-000983-CC

-3-

BELL TELEPHONE COMPANY, GARY TROLZ, GLYNN TROLZ AND ASSOCIATES, INC., MATRIX EXPLORATION & DEVELOPMENT, LUCAS EXPLORATION & DEVELOPMENT, WEST BAY EXPLORATION COMPANY, STRICKLER RESOURCES LP, TIMMUS ENERGY PARTNERS, INC., POLARIS ENERGY, INC., NOVERR ENTERPRISES, LLC, TONI S. TONDA, JES ENTERPRISES, LLC, JES INVESTMENTS, LLC, JEFFREY S. SOBECK, SNH HOLDINGS, PETER NOVERR, CASEY COWELL, INNOVA EXPLORATION, INC., CHERRY RIVER INVESTMENTS, LLC, JORDAN DEVELOPMENT COMPANY, LLC, ROCK OIL COMPANY, LLC, TREDWELL ENERGY CORPORATION, TIMOTHY L. BAKER, JIM BOWSER, GARY GOTTSCHALK, HARRY L. GRAHAM, MATT JOHNSTON, MURRAY MATSON, ERIC MAYFIELD, SHEILA MAYFIELD, MORRIS A. MICELI, DAVID RATAJ, KEITH SCHAUB, BENNETT L. SMITH III, BENNETT LAWSON SMITH III, TRUST, MARY VANCE TUCKER STILLWELL TRUST, LUCY LEA TUCKER TRUST, ROBERT E. TUCKER, JR.,  MATTHEW A. JOHNSTON and KELLY L. JOHNSTON, Cotrustees of the JOHNSTON TRUST, CALHOUN COUNTY WATER RESOURCES COMMISSION, DEPARTMENT OF AGRICULTURE AND RURAL DEVELOPMENT, PETER S. LUCYSHYN, Trustee of the MYMACHOD TRUST, AT&T, L. NICHOLAS & NANCY RUWE CHARITABLE TRUST, JOHN SCHMITZ, Personal Representative of the ESTATE OF N. RUWE, CALHOUN COUNTY BOARD OF COMMISSIONERS, CONSUMERS ENERGY COMPANY, CONSUMERS ENERGY, CONSUMERS POWER COMPANY,

   Defendants,

and

DOUBLE EAGLE FARMS II, CO.,

   Defendant-Appellant.

ON REMAND

Before: REDFORD, P.J., and MALDONADO and YOUNG, JJ.[1]

PER CURIAM.

This consolidated case arose from efforts by plaintiff, Michigan Gas Utilities Corporation, to condemn easements for a natural-gas pipeline to replace an existing pipeline. Defendant The Earl R. Midlam and Hazel M. Midlam Trust appealed by leave granted the trial court's orders denying its motion for a second hearing to review the necessity of an additional easement across property owned by the trust. Defendant Double Eagle Farms II, Co., who leased property from the Midlam Trust through which the proposed easement would run, appealed by leave granted the trial court's orders denying its motions for a necessity hearing and to dismiss the condemnation action for lack of subject-matter jurisdiction. A panel of this Court reversed and remanded the matter to the trial court for entry of an order granting summary disposition in favor of the Midlam Trust and Double Eagle. Summary disposition was without prejudice to Michigan Gas refiling the action in compliance with the statutory requirements. *Mich Gas Utilities Corp v Earl R Midlam and Hazel M Midlam Trust*, unpublished per curiam opinion of the Court of Appeals, issued May 1, 2025 (Docket Nos. 366202, 366766, 366204, 366767, 367103, and 367104), pp 11-12.

Michigan Gas then applied for leave to appeal the panel's decision in the Michigan Supreme Court. In lieu of granting leave to appeal, our Supreme Court remanded the case to this Court "for consideration of whether the issues raised in [Midlam Trust's and Double Eagle's] applications for leave to appeal filed in the Court of Appeals were rendered moot given the [pipeline's] completion before the parties applied for leave to appeal." *Mich Gas Utilities Corp v Midlam*, 27 NW3d 89 (Mich, 2025). Having considered the issue on remand, we conclude that completion of the replacement pipeline before the Midlam Trust and Double Eagle filed their applications for leave to appeal in this Court did not render moot the issues raised in those applications. Therefore, we affirm our earlier decision.

## I. PERTINENT FACTS AND PROCEEDINGS

The relevant facts and procedural history leading to the Midlam Trust's and Double Eagle's appeals were stated in the earlier decision as follows:

> Michigan Gas is a utility corporation that distributes natural gas to consumers. It owned and operated the Partello Pipeline, which ran from the Partello Compressor Facility to the Vector Pipeline Station in Calhoun County, Michigan. Michigan Gas installed the original Partello Pipeline under a certificate of necessity issued by the Public Service Commission (PSC) in 1963. Michigan Gas determined

---

[1] Judge YOUNG has been designated to serve in the stead of Judge NOAH HOOD, now Justice HOOD, who served on the panel that heard this case on direct appeal.

-5-

that the existing Partello Pipeline needed to be abandoned and replaced with a new 10-inch pipeline along a 15-mile stretch to address safety and reliability concerns.

In 2020, Michigan Gas applied for a certificate of public convenience and necessity with the PSC. The PSC then entered into a settlement agreement with Michigan Gas concerning its application. The settlement agreement provided that the PSC's staff reviewed Michigan Gas's filings with a focus on the "project route, necessity, engineering specifications, and environmental impact." It provided that the replacement pipeline served the "public convenience and necessity" and would be built along the most direct, reasonable, and economical route. It also provided that the replacement pipeline would be constructed within existing rights of way or on private property owned by Michigan Gas or to be acquired by Michigan Gas. And it provided that the existing pipeline would be abandoned or deactivated in accord with law.

The PSC approved the settlement agreement. In its corresponding order, the PSC restated the proposed route and found that it was reasonable. It noted that "84% of the proposed route for the replacement pipeline lies within permanent easement, with 16% located in or along road right-of-way, and, to the greatest extent possible, the proposed replacement pipeline will follow the aging Partello transmission pipeline to be replaced." The PSC found that the "company's selected route is the most practical, cost-effective, and least intrusive method to maintain service reliability."

Michigan Gas submitted what it titled as a unitary good-faith offer to purchase temporary and permanent easements over the two parcels of land owned by the Midlam Trust. Michigan Gas made the offer to the Midlam Trust and to those persons or entities that might have owned mineral and gas rights in, or easements over, the Midlam Trust's properties.

Double Eagle was not included among the offerees. As part of its offer, Michigan Gas submitted to the Midlam Trust a "Landowner Construction Form." It asked the Midlam Trust to provide information about the land that might be relevant to the construction. One of the questions stated: "Are there any renters of the agricultural land within the proposed [Michigan Gas] easement?" Neither the Midlams, nor the Midlam Trust, responded to Michigan Gas's inquiry.

The various interested parties did not accept Michigan Gas's unitary offer, and Michigan Gas sued to condemn the easements over the Midlam Trust's properties. Michigan Gas filed separate complaints for the two parcels at issue—Parcel 27 and Parcel 30. The Midlam Trust moved to review the certificate of necessity in both cases. The trial court held a hearing and determined that the Midlam Trust had not identified a valid basis for challenging necessity. The trial court entered orders denying the Midlam Trust's motions and granting title to the easements to Michigan Gas.

The Midlam Trust then moved for summary disposition. It argued that Michigan Gas failed to satisfy the requirements for a condemnation action and the trial court lacked subject-matter jurisdiction over the proceedings because it did not make an offer to the Midlam Trust's lessee, Double Eagle, which leased Parcels 27 and 30 for farming. In response, Michigan Gas noted that the Midlam Trust did not disclose that it had a lessee despite the request included as part of Michigan Gas's original offer, and the Midlam Trust did not record the lease with the county. Michigan Gas argued that the trial court had subject-matter jurisdiction over the condemnation proceedings because Michigan Gas was only required to send a good-faith offer to owners of record, which did not include Double Eagle.

After a hearing, the trial court denied the Midlam Trust's summary disposition motion. It reasoned that Michigan Gas was only required to send a good-faith offer to owners of record, and the Midlam Trust did not respond to Michigan Gas's inquiry included as part of its original offer. The trial court permitted Michigan Gas to amend the complaint to add Double Eagle as a party.

Michigan Gas filed an amended complaint and served Double Eagle with a copy that included the unitary good-faith offer to purchase temporary and permanent easements over the two parcels of land owned by the Midlam Trust. The Midlam Trust made multiple requests for an additional necessity hearing, which the trial court denied. Double Eagle also moved to dismiss, contending that Michigan Gas did not make a statutorily compliant good-faith offer to purchase the easements before suing for condemnation. The trial court denied Double Eagle's motions. [*Mich Gas Utilities Corp*, unpub op at 6-7.]

II. APPELLATE PROCEEDINGS

As indicated, the Midlam Trust and Double Eagle applied for leave to appeal the trial court's various orders. We granted leave in each docket and ordered the appeals consolidated.[2] We held that Michigan Gas did not make a statutorily compliant good-faith offer to acquire the easements and, therefore, that "the trial court lacked subject-matter jurisdiction over the

---

[2] *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 366202); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 366204); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 366766); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 366767); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 367103); *Mich Gas Utilities v Earl R Midlam & Hazel M Midlam Trust*, unpublished order of the Court of Appeals, entered October 23, 2023 (Docket No. 367104).

condemnation complaints." *Id*. at 11. Accordingly, we reversed and remanded the matter to the trial court for entry of an order granting summary disposition without prejudice in favor of the Midlam Trust and Double Eagle. *Id*. at 12.

Michigan Gas applied for leave to appeal our decision in the Michigan Supreme Court. Among other things, Michigan Gas challenged this Court's determination that the trial court lacked subject-matter jurisdiction, as well as this Court's interpretation of pertinent statutes. As indicated, in lieu of granting leave to appeal, our Supreme Court remanded the case to this Court to consider whether defendants' direct appeal was mooted by the fact that the pipeline went into service in March 2023, approximately two months before defendants applied in this Court for leave to appeal.[3]

## III. ANALYSIS

Generally, an appellate court will not review a moot issue. *City of Jackson v Thompson-McCully Co, LLC*, 239 Mich App 482, 493; 608 NW2d 531 (2000). An issue is moot when an event occurs that renders it impossible for the reviewing court to grant relief. *Attorney Gen v Mich Pub Serv Comm*, 269 Mich App 473, 485; 713 NW2d 290 (2005). An appellate court will review a moot issue only if it is "publicly significant and likely to recur, yet is likely to evade judicial review." *Id*.

Michigan Gas sought to acquire an easement for its replacement pipeline under the Uniform Condemnation Procedures Act (UCPA), MCL 213.51 *et seq*., which "provides standards for the acquisition of property by an agency, the conduct of condemnation actions, and the determination of just compensation." MCL 213.52. "The UCPA is to be strictly construed, and its jurisdictional conditions must be established in fact and cannot rest upon technical estoppel and waiver." *Indiana Mich Power Co v Community Mills, Inc*, 336 Mich App 50, 54; 969 NW2d 354 (2020); *Bd of Co Rd Comm'rs for Co of Washtenaw v Shankle*, 327 Mich App 407, 412; 934 NW2d 279 (2019).

Appeals seeking to halt or reverse a condemnation project may be deemed moot once the project is substantially completed. See *Novi v Robert Adell Children's Funded Trust*, 473 Mich 242; 701 NW2d 144 (2005) (suggesting that the completion of a condemnation project under the UCPA could indeed moot appeals challenging construction of the project if the project was fully realized and no further relief can be granted); see also *Mulligan v Kalamazoo*, 9 Mich App 713, 714; 158 NW2d 59 (1968) (dismissing as moot the plaintiffs' appeal from the trial court's order granting summary disposition in favor of the defendant because the project had been completed between the hearing in the trial court and the submission of the case to this Court).

---

[3] Michigan Gas first asserted in its appellate brief to this Court that its replacement pipeline went into service on March 6, 2023.

Courts in sister states[4] have also deemed claims to be moot when property owners seek only to enjoin or set aside a condemnation project that is substantially completed. See, e.g., *Wilson & Wilson v City Council of Redwood City*, 191 Cal App 4th 1559; 120 Cal Rptr 3d 665 (2011) (observing that a project's completion moots requests to set aside or rescind Resolutions authorizing the project and holding that the completion of the subject project mooted the plaintiff's action because nothing could be accomplished by invalidation of the city council's Resolutions); *In re Highway No 16*, 286 Minn 528; 175 NW2d 502 (1970) (declining to exercise discretionary review because the highway construction project in question had been substantially completed). But see *Town of Midland v Morris*, 209 NC App 208, 213-214; 704 SE2d 329 (2011) (reasoning that the completion of a pipeline construction project did not render the property owners' appeal moot because, if the property owners were successful in their appeal, then they could still obtain relief in the form of reimbursement of their costs in the action and the return of title to the land).

However, the completion of a condemnation project under the UCPA does not automatically moot appeals related to the project. The dispositive issue is the type of relief sought and whether the reviewing court can grant relief. See *Attorney Gen*, 269 Mich App at 485. Defendants in the present case asserted procedural irregularities and jurisdictional infirmities in their applications for leave to appeal. The Midlam Trust argued that the trial court erred by not affording it the hearing on necessity to which it was entitled under MCL 213.56.[5] The Midlam Trust further argued that, when ruling on necessity as a matter of law, the trial court misstated the trust's position and ignored the trust's actual argument, which was that there was no need for a second route for the same project across the same farm.

Similarly, Double Eagle argued that the trial court's ruling on necessity as a matter of law misstated Double Eagle's argument and that this misstatement was the basis of the trial court's refusal to grant Double Eagle an evidentiary hearing on necessity under MCL 213.56. MCL 213.56 does not contain any express references to an "evidentiary hearing." Nevertheless, this Court has long recognized that a determination of necessity is predicated on the unique factual circumstances of each case and that opposing parties in a proceeding to determine necessity each bear a burden of establishing their claims with evidentiary proof. See *Nelson Drainage Dist v Filippis*, 174 Mich App 400, 404; 436 NW2d 682 (1989), abrogated in part on other grounds *Novi*, 473 Mich at 249 n 4.

---

[4] "Decisions of other state courts and lower federal courts are not binding on the Court of Appeals, but may be persuasive." *Farmland Capital Solutions, LLC v Mich Valley Irrigation Co*, 335 Mich App 370, 381 n 8; 966 NW2d 709 (2021).

[5] MCL 213.56(1) provides that "an owner of the property desiring to challenge the necessity of acquisition of all or part of the property for the purposes stated in the complaint may file a motion in the pending action asking that the necessity be reviewed." MCL 213.56(1) provides that a motion challenging necessity must be filed within the time prescribed to responsively plead after service of a condemnation complaint. Within 30 days after the challenge is filed, the trial court must hold a hearing to "determine the public necessity of the acquisition of the particular parcel."

Double Eagle also argued that the trial court violated MCL 213.55(1) by excusing a mandatory, jurisdictional prerequisite to Michigan Gas's filing its condemnation complaint. MCL 213.55(1) states, in relevant part, "Before initiating negotiations for the purchase of property, the agency shall establish an amount that it believes to be just compensation for the property and promptly shall submit to the owner a good faith written offer to acquire the property for the full amount so established."

It was undisputed that Double Eagle was an owner[6] for purposes of a condemnation proceeding under the UCPA. It was also undisputed that Michigan Gas did not make a good-faith written offer to Double Eagle *before* commencing its condemnation action to acquire the easements at issue. An agency's failure to comply with the procedural requirements for condemning property under the UCPA leaves the trial court without subject-matter jurisdiction. *Shankle*, 327 Mich App at 412. When a trial court lacks subject-matter jurisdiction, the condemnation proceeding must be dismissed without prejudice to the condemner's refiling of the action after complying with the statutory requirements. *Id*. at 418-419 n 9. As already noted, the UCPA's "jurisdictional conditions must be established in fact and cannot rest upon technical estoppel and waiver." *Indiana Mich Power Co*, 336 Mich App at 54. If the trial court lacked jurisdiction over the condemnation proceedings, as Double Eagle claims, then the trial court's rulings with respect to the Midlam Trust, including denial of the trust's initial motion to review necessity, were void. *Bowie v Arder*, 441 Mich 23, 56; 490 NW2d 568 (1992) ("When a court lacks subject matter jurisdiction to hear and determine a claim, any action it takes, other than to dismiss the action, is void.").[7]

We have found no authority allowing an appellate court to affirm a trial court's decisions when the trial court lacked subject-matter jurisdiction. An appellate court's role when confronted with a jurisdictional defect is limited to reversing and ordering dismissal. The reviewing court cannot cure the defect, retain jurisdiction to allow correction, or affirm the trial court's substantive rulings on the merits because those rulings were made without valid jurisdiction and are, therefore, void. See *id*. In light of the requirements of the UCPA and this Court's precedents regarding

---

[6] Under MCL 213.51(f), an "owner" for purposes of the UCPA includes a corporation having a beneficial or possessory interest in the property to be condemned.

[7] We acknowledge that, had the trial court had subject-matter jurisdiction, completion of the replacement pipeline likely would have mooted the Midlam Trust's issues on appeal, particularly its claim that the trial court erred by not granting it a second necessity hearing. Construing the clear and unambiguous language of MCL 213.56 in a manner that fulfills the UCPA's purpose of facilitating and expediting lawful condemnations, see *Consumers Energy Co v Storm*, 509 Mich 195, 255; 983 NW2d 397 (2022), it is clear that MCL 213.56(1) reflects the Legislature's intent that a landowner has only one opportunity to challenge necessity; all challenges to necessity must be raised at that time. Allowing a landowner to file additional motions would undermine the time-sensitive process for a reviewing court to consider challenges to public necessity and would subject condemnation proceedings to repeated delays. It is undisputed that the Midlam Trust had a necessity hearing. Neither the text nor the purpose of the UCPA supports that the trust was entitled to a second such hearing.

-10-

subject-matter jurisdiction, completion of the replacement pipeline did not moot the issue of subject-matter jurisdiction on appeal.

Further, the completion of the replacement pipeline did not moot the Midlam Trust's and Double Eagle's issues on appeal because this Court could provide relief to these defendants. Reversing the trial court's orders and ordering dismissal would not necessarily unwind the completed project. Rather, it would provide defendants relief by allowing them to address Michigan Gas's abandonment of the original easement and removal of the original pipeline from the original easement. Defendants did not dispute the necessity of a pipeline route across the Midlam Trust's parcels; their objection was to a second route for the same project. Productive discussions about the details of Michigan Gas's abandonment of the original pipeline route may satisfy both sides in the matter, making continued litigation of the condemnation proceeding unnecessary, as well as avoiding the expense of future litigation regarding the continued presence of the original pipeline. See *Minerva Partners, Ltd v First Passage, LLC*, 274 Mich App 207; 731 NW2d 472 (2007) (observing that, once an easement is abandoned, the unencumbered fee-simple interest in the land previously burdened remains in the titleholder, thus implying that the continued physical presence of Michigan Gas's original pipeline would constitute a continuing trespass).

In supplemental briefing submitted for our consideration on remand, both sides of the dispute rely for support on *Goodwill Comm Chapel v Gen Motors Corp*, 200 Mich App 84; 503 NW2d 705 (1993). *Goodwill* is the third appeal arising from the City of Detroit's efforts to invoke the UCPA to condemn property owned by Goodwill Community Chapel. While Goodwill Community Chapel's first appeal was pending, the city conveyed the condemned property to General Motors by warranty deed. General Motors demolished the building that was on the property and made the property part of General Motors's Detroit/Hamtramck assembly plant. *Id.* at 86. In the second appeal, this Court held that the circuit court did not have subject matter jurisdiction over the condemnation proceeding because the city did not make a bona fide good-faith offer to Goodwill Community Chapel before initiating the proceeding. *Id.* *Goodwill* arose from Goodwill Community Chapel's suit against General Motors for trespass. Goodwill Community Chapel argued that the city's failure to make a good faith offer prevented the city from obtaining good title to the property and, therefore, from conveying good title to General Motors. Consequently, General Motors's actions on the property constituted trespassing. The trial court granted summary disposition in favor of General Motors, and Goodwill Community Chapel appealed. *Id.* at 86-87. This Court affirmed, holding that "the filing of the complaint for condemnation, regardless of whether the complaint is later adjudged defective, vests title with the condemning authority." *Id.* at 91.

*Goodwill* provides little insight into the issue on remand. First, unlike defendants in the present case, Goodwill Community Chapel did not challenge the necessity of the city's acquisition, only the proper amount of just compensation for the condemned property. MCL 213.57(1) provides that, absent a motion to review necessity filed under MCL 213.56, "the title to the property described in the [condemnation] petition shall vest in the agency as of the date on which the complaint was filed." *Goodwill* did not refer to the effect of a necessity challenge on the vesting of title to condemned property because it was never at issue. In fact, when quoting MCL 213.57(1), this Court omitted reference to a necessity challenge under MCL 213.56. See *id.* at 87.

Second, whether completion or substantial completion of the assembly plant mooted Goodwill Community Chapel's claims also was never at issue because challenges to the amount of just compensation in eminent domain proceedings generally survive completion of the condemnation project. The right to just compensation is protected by the United States and Michigan Constitutions. US Const, Am V and XIV; Const 1963, art 10, § 2. This constitutional protection ensures that property owners can pursue adequate compensation regardless of the project's status. MCL 213.57(1) reinforces this right by vesting title to the property in the condemning agency and vesting the right to just compensation in the property owners. Given that Goodwill Community Chapel did not challenge the necessity of the city's acquisition of its property, which allowed title to the property to vest in the city upon the filing of the condemnation complaint, and considering that completion or substantial completion of the project could not render moot Goodwill Community Chapel's pursuit of just compensation, *Goodwill* does not affect our conclusion.

## IV. CONCLUSION

Completion of the replacement pipeline before defendants applied for leave to appeal in this Court did not render defendants' issues moot; particularly the issue regarding the trial court's subject-matter jurisdiction. Michigan authority requires this Court to reverse and order dismissal when confronted with a jurisdictional defect. Even if reversal and dismissal were not required, taking such action would provide defendants effective relief short of unwinding the replacement pipeline project by allowing them to address on remand Michigan Gas's abandonment of the original easement and removal of the original pipeline from the property. Because Double Eagle raised a valid claim that the trial court lacked subject-matter jurisdiction, the completion of the pipeline before defendants filed their applications in this Court for leave to appeal did not moot the issues raised in those applications. In addition, because this Court could grant relief to defendants that did not necessarily unwind the project, defendants' issues were not mooted by completion of the project. For these reasons, we conclude that completion of the replacement pipeline before defendants filed their applications for leave to appeal in this Court did not render moot the issues raised in those applications.

Affirmed.

/s/ James Robert Redford
/s/ Allie Greenleaf Maldonado
/s/ Adrienne N. Young

-12-